The action stood over to this- term for advisement, and now the opinion of the Court was delivered by
Parsons, C. J.
As to the first ground stated in the plaintiff’s motion, we are satisfied that a new trial ought not to be granted. *287 As the cause had been before committed to another jury, the plaintiff Was, or ought to have been, apprized of all the points set up in the defence; and if he was not prepared at the last trial to meet them, he ought not to complain of being surprised. And further, the witnesses he now would produce would testify only to allegations he attempted to prove at the trial, or to corroborate the testimony of the witnesses he then produced, or to discredit or contradict the defendant’s witnesses. To grant a new trial in such a case would be of very dangerous consequence, as it would tend to introduce misrepresentations, if not perjury.
* As to the ground of misdirection by the judge, it [ * 369 ] appears from his report, that only the first note was disputed by the defendant, that she admitted a balance due on the second note, for the payment of which the money was brought into Court; and that the judge, having calculated the balance due on the second note, found that after crediting the money brought in, there was still due to the plaintiff fourteen cents and four mills.
Thereupon he directed the jury, if they were satisfied that tne defence against the first note was supported, and if on calculation they should find that the money brought in did not fully pay every cent which was due, but a small balance remained due, if that balance appeared to be a mere trifle, that their verdict ought to be for the defendant. This direction is objected to.
The bringing money into Court is a practice adopted to relieve the defendant against an unexpected suit for money, which he is willing to pay, but which he has not tendered to the plaintiff before the commencement of the suit. After the defendant has brought in as much money as he thinks proper, and the plaintiff has refused to receive it in satisfaction, the defendant is entitled to have the same considered as a payment made on the day on which it was brought in, and he is answerable only for further damages. He then stands on the same ground, as if, on tendering money before the action, the plaintiff had refused to receive it, but had commenced his action, in which the tender was pleaded.
Now, it is a well-known rule, that the defendant must take care at his peril, to tender enough, and if he does not, and if the plaintiff replies that there is more due than is tendered, which is traversed, the issue will be against the defendant, and it will be the duty of the jury to assess for the plaintiff the sum due on the promise; and if it be not covered by the money tendered, he will have judgment for the balance. If the present direction * of the judge had been in the trial of such an issue arising [ * 370 ] on a plea of tender, we cannot think the direction to be right
*288 The defendant cannot lawfully withhold from the plaintiff any money due to him, however small the sum; and if the defendant intended to tender as much money as the plaintiff could claim, but made a mistake in her calculation, she must suffer for her own mistake, and not the plaintiff, although the injury to him may be very small, and such as most men would disregard.
From the calculation made by the judge in the hurry of the .rial, the deficiency was about fourteen cents; but on a more correct calculation it amounts to about 41 cents. And if at the time the money was brought in, no action had been pending, and the plaintiff had then received and endorsed the payment, he might after-wards have commenced and maintained an action to recover the balance then due.
That the law will not regard trifles is, when properly applied, a correct maxim. But to this point it is not applicable. In calculating interest there may, and probably must arise fractions not to be expressed in the legal money of account; these fractions are trifles, and may be rejected. In making payments it is sometimes not possible, from the value and divisions of the current coin, to make the exact sum; if the payment be made as nearly as it can conveniently be made, the fractional part of a small coin may be neglected; it is a trifle.
But the present case is not one of these trifles. A man may sue and recover on a note given for forty cents; also on a larger note, where forty cents remain unpaid. It is therefore our opinion, that the jury ought to have been directed to calculate the interest on the second note, and deducting the payments, if a balance remained unpaid, to find that balance for the plaintiff. If any sum large enough to be discharged in the current coin of the country [*371] is a trifle, which, although due, * the jury are not obliged by law to award to the plaintiff, the creditor, it will be difficult to draw a line, and say how large a sum must be, not to be a trifle. The law gives us no rule. A dollar between many parties is a trifle. Yet in an action determined some years ago, in Essex, ÁIhree vs. Bartlet, sheriff of the county, whose deputy, having an execution of the plaintiff’s, had levied and paid over a part, and neglecting to return the execution, he was sued for that neglect, the plaintiff alleging that he had lost the remainder of his debt. At the first trial the plaintiff recovered only nominal damages, and on the review he attempted to prove his damages ; but failing, he discovered that the deputy sheriff, in paying over the money levied, had omitted, through a mere mistake in calculation, one dollar, and this he claimed in addition to his nominal damages. And althougn, by increasing the damages, the defendant lost the costs, which he *289 was entitled to on the merits, yet the jury, under the particular direction of the Court, found a verdict for the dollar.
As the error arising from the misdirection in this case is small, and if the plaintiff should have it corrected in another trial, the further expenses he must necessarily incur will not be indemnified by the small sum he may recover, whether the Court ought to interfere, to the plaintiff’s own prejudice, is another question.
Where the jury, under a legal direction of a judge, have found a verdict, against either law or evidence, in favor of the defendant, in cases where, on the merits, the plaintiff could recover but a small sum of money, the Court have refused to interfere; because the interference would in fact be a prejudice to the plaintiff, the play not being worth the candle. And if, in the present case, the direction to the jury had been correct, but they had mistaken the law or the fact, we think the verdict ought not to be set aside, to relieve the plaintiff against an error of forty cents.
*When the mistake arises from the misdirection of [*372] the judge on a point of law, the Court ought in all such cases to relieve the party suffering by it on his motion, although he may be indiscreet in making the motion.
The law is our only criterion of right and wrong in the decision of causes, and if it be mistaken by the Court, whose duty it is to declare the law, the consequences of the error may be extensive, reaching beyond the action in which it was committed; and it may affect other legal principles. We have looked with some attention into books, to find some case where, in a misdirection of the judge, the Court have declined to interfere by setting aside the verdict found in consequence of the misdirection. We have not been able to find a single case. Where the jury do not conform to the misdi rection, the Court will not disturb the verdict (1). There is the case of Edmonson vs. Mitchell (2), where the plaintiff obtained a verdict for too large a sum, owing to the direction of the judge, but the Court would not inquire whether the direction was or was not legal, on the plaintiff’s agreeing to equitable terms, so that the defendant suffered no damage by the direction, if it was erroneous.
It lias been supposed, that it would in this case be a hardship on the defendant, to make her suffer for her mistake in not bringing into Court a sum equal to the money due, as she also brought in 9 dollars, 97 cents, the costs up to that time, which the plaintiff took out.
The plaintiff took out this money bv the terms of the rule which *290 the defendant moved for, and she cannot complain of the plaintiff for taking out the money by her own consent. She certainly obtained a role more inconvenient to herself than the Court would have insisted on. She might have had a role in the common form, that of bringing the money into Court, and unless the [ * 373 ] plaintiff would accept the same in full satisfaction * with costs to that time, the money snoutd be struck - ut of the declaration, and on the trial the plaintiff should not be permitted to give any evidence for that sum. On- this rule, if the plaintiff woul-1 not have received the money in satisfaction, the defendant had no occasion to bring the costs into Court; and if, on the trial, she obtained a verdict, she would have all her costs taxed. If the plaintiff had proceeded after the money was brought in, but afterwards, and before trial, had agreed to accept it in satisfaction, he would have had his costs to the time of bringing the money in. and the defendant would have had her costs accruing after that time. In this case we can equitably relieve the defendant from the imprudence of her own rule, without injustice to the plaintiff.
The verdict must be set aside, and a new trial granted, upon the plaintiff’s returning to the defendant the costs she brought into Court (3)
(a).

 Rex vs. Pool Hardw. 26.

 2 D. &. 4.

 Vide Foxcroft & al. Assignees, &c. vs. Devonshire & al., 2 Burr. 943. — Edie. & al. vs. East India Company, Ibid. 1228.

 In Wilson vs. Rastall, 4 T. R. 753., Lord Kenyon said he did not recollect a single case where the Court ever refused a new trial where the mistake of the judge had swayed the opinion of the jury.