### HUNTINGTON *against* WINCHELL.

Where two executions were levied on land, one for the sum of 79 dollars, 39 cents, the other for 38 dollars, 34 cents; and on the former, land to the amount of 79 dollars, 49 cents, and on the latter, to the

amount of 38 dollars, 51 cents, was set off; it was held, that such levies were valid, the excess being within the maxim—"*De minibus non curat lex.*"

And it seems, that if the excess, in such case, had been of more importance in amount, the entire levy ought not, on that account, to be avoided; as the debtor, if aggrieved, might obtain redress by application to a court of chancery.

This was an action of ejectment; tried, on the general issue, at *Hartford, February* term, 1830, before *Bissell,* J.

The plaintiff claimed title to the land demanded, by virtue of two executions in his favour against *John Winchell* jun. the grantor of the defendant, levied upon such land as the estate of *John Winchell* jun. One of these executions was for the sum of 79 dollars, 39 cents; and the other, for 38 dollars, 34 cents. No objection was taken to the levies, except that it appeared from the return of the officer, that on the first execution he had levied upon and set off land to the amount of 79 dollars, 49 cents; and on the second, to the amount of 38 dollars, 51 cents; making an excess of 10 cents, in the one case, and 17 cents, in the other. The land set off was described in the return by points of compass, length of line, and metes and bounds. On the ground of such excess, it was objected, that the levies were void, and that the executions ought not to go in evidence to the jury. The judge sustained the objection, and rejected the evidence. A verdict being given for the defendant, the plaintiff moved for a new trial.

*Toucey,* in support of the motion, contended, 1. That the land set off and comprised within the boundaries specified in the return, was not sufficient, at the valuation of the appraisers, to satisfy the execution debts and costs. [Here the counsel produced a computation, made by *Daniel St. John,* Esq., county surveyor, from *data* furnished by the officer's return, the result of which was, that the actual quantity of land set off, *fell short* of the quantity necessary, according to the valuation of the appraisers, to satisfy the execution debts and costs.]

2. That if there was an excess, it was so small as to bring the case within the maxim—"*De minibus non curat lex.*"

3. That by a fair construction of the return, the excess was *part of the costs of levy;* and consequently, the defect was healed, by the act of *May,* 1826.

*Hungerford* and *C. Shepard,* contra.

BISSELL, J. The question in this case was decided in the *Hartford,* court below in conformity to what was understood to have been a previous decision on the circuit. I am satisfied, that the evidence ought to have been admitted. The excess was very trifling; and the case seems peculiarly to require the application of the maxim—"*De minibus non curat lex.*" And even had the excess been at all important in point of amount, the entire levy ought not, on that account, to have been avoided; as the debtor, if aggrieved, in such case, might obtain redress, by application to a court of chancery.

I would advise a new trial.

*June, 1830.*

Huntington *v.* Winchell.

PETERS and DAGGETT, Js. were of the same opinion.

HOSMER, Ch. J. concurred in the result. The objection in this case, he remarked, is *inter apices juris.* The levies of the plaintiff's executions, were decided to be invalid, by reason of the unintentional appropriation of estate beyond the debts and costs, of a few cents only. Without questioning the principle, that no more property can be taken on execution than the judgment debt and costs, it is the duty of the court to be astute in their endeavours to sustain a levy against an exception extremely minute and trivial. Justice and general convenience equally demand it. Now, from the computation of an able surveyor, it is apparent, that the land set off on the plaintiff's executions, regarding the lines run and the distances, falls short of the quantity, which the officer has returned that it comprised; and that the creditor has not obtained, within a few cents, the value of his judgments. The levies, then, are valid; and a new trial must be granted.

WILLIAMS, J. gave no opinion, having been of counsel in the cause.

New trial to be granted.