Putnam J.
delivered the opinion of the Court. This is a motion by the plaintiff for a new trial, because the verdict was against all the evidence,' and because it was for too small damages.
The plaintiff had agreed to build a bridge for the defendants for $ 29-50. He performed part of the work, and left it unfinished. He claims a quantum meruit for what labor he did perform. The defendants finished the work, and the plaintiff is to recover all the price agreed, deducting the reasonable charges which the defendants sustained or were liable to pay, for completing the work. The counsel for the plaintiff contend that the extent of the deficiency did not exceed $ 12; so that the plaintiff should recover the balance, $ 17-50, and the interest since a demand was made, in the early part of March 1829, to the time of the verdict in May 1832, being *555 $3-36, amounting in all to $20-86 ; but that tht jury gave him only $ 19 08, being 78 cents less than he ought to have recovered.
Now the first question is, whether the verdict was against the evidence ; and if so, whether the Court, exercising a sound discretion, should set it aside and grant a new trial.
Part of the cost of finishing the bridge is ascertained exactly, viz. $7-05 ; but it appears that one of the selectmen worked two days in addition, and that an individual, at his own cost, levelled the ground at the ends of the bridge. How much that labor was worth, is not proved exactly. It is a matter of opinion how much it would have cost the town to have completed the contract, and not a matter to be ascertained by any certain document or evidence. The witness for the defendants estimated it at $ 10 to $ 12 ; the other evidence tended to show that it would have cost less. The evidence was, that certain things were omitted to be done which the plaintiff ought to have done, to have completed the contract. The jury were to decide upon the price or cost of doing them, upon the whole evidence. Now the jury might as well conjecture that it would cost $ 13 or $ 14, as the witnesses might conjecture that it would cost 10 or 12. The only thing certainly proved was, that these deficiencies existed and were to be made up and the cost deducted from the whole contract; but the jury were to judge upon the matter as reasonable men, and if they estimated the cost at a dollar or two more than the witnesses did, it does not follow conclusively that the jury were wrong and the witnesses right, in that mere matter of opinion and judgment. So that it would not necessarily follow, that the jury gave or allowed more for these deficiencies than would be reasonable.
It has been suggested that the jury lessened the damages, with a view to reduce them below $ 20, in order to affect the amount of costs to which the plaintiff would be entitled. If there were legal evidence of that fact, the Court would not sustain the verdict; for it would be a violation of their duty. But there is no proof of the fact, other than that arising from their verdict. And where other reasons may be supposed to *556 have influenced and legally to have influenced their decision, the Court would not impute an improper motive.
Dwight and Porter, for the plaintiff,
cited Taunton Manuf. Co. v. Smith, 9 Rick. 11 ; 6 Bac. Abr. 665, Trial, L 4 ; *557 Coffin v. Coffin, 4 Mass. R. 44 ; Commonwealth v. Sessions of Norfolk, 5 Mass. R. 437.
*556 But there is another point in this cause. There has been a trial, and, for aught that appears, a fair trial by the jury, and the law has been correctly stated to them, excepting perhaps too favorably for the plaintiff in regard to the allowance of interest for this unliquidated matter from the time of the demand, (which was for the whole sum of $ 29*50,) and not from the time of the service of the writ. If the rule as to interest should have been, that it should have been calculated from the service of the writ, the verdict would have been a few cents less than $ 20, taking the cost of supplying the deficiencies at $12, as the defendants’ witness estimated it might be. The Court, however, are not now disposed to settle that rule de finitively.
But there are other considerations. It has been stated and not denied, that the case has been twice tried. The plaintiff did not perform his contract, as he engaged to do, and is certainly not entitled to any favor on that account. The allegation that the damages should have been 78 cents more than the jury gave, is' we think not such a matter as the law considers to be of moment. It is not such a misjudging on the part of the jury, as would warrant the Court to interfere and set aside the verdict. A new trial would not, we think, be ultimately beneficial to the plaintiff. For upon another trial, it may be well supposed that witnesses might estimate the deficiency in the performance of the contract, as high as the jury may be supposed to have done. And it would certainly create great cost and charge and trouble, to have a renewal of this litigation, to enable the plaintiff to recover so small a sum. It falls within the rule de minimis non curat lex.
If there had been a misdirection in matter of law unfavorable to the plaintiff, the Court would hold themselves bound to grant a new trial. But, as has been already said, the plaintiff has no ground of complaint on that account.
We are all of opinion that the judgment should be rendered upon the verdict.
C. A. Dewey and Sheldon, contra,
cited Boyden v. Moore, 5 Mass. R. 365 ; Ex parte Baily, 2 Cowen, 483 ; 6 Dane’s Ab". 243 ; Fleming v. Gilbert, 3 Johns. R. 528 ; Hunt v. Burrel, 5 Johns. R. 137; Roberts v. Karr, 1 Taunt. 495.