## THOMAS B. REED *vs.* DANIEL WOODMAN, JR.

Where money has been tendered after the commencement of an action 'and before its entry in Court, under the provisions of the *stat.* of 1822, *c.* 60, "relative to the tender of money in suits at law," the defendant, to keep his tender good, must bring *his* money into Court on the first day of the term at which the entry is made.

ASSUMPSIT for freight. The writ was served *July* 28, and the Court to which it was returnable was holden in *November.* The general issue only was pleaded. The freight amounted to $33,75. The question made, was one exclusively of costs. The defendant relied upon a tender made after the suit was brought. The writ and service amounted to $3,90. *R. A. L. Codman, Esq.* called by the defendant, testified, that some time in the month of *October* following the service of the writ, he was witness to a tender of forty dollars in gold, made by the defendant to *W. P. Fessenden, Esq.*, as counsel for the plaintiff; that the defendant made the tender under the direction of the witness; that said *Fessenden* declined to accept the money offered, and the witness wrapped it in a piece of paper, and gave it to the defendant with directions to retain it for the plaintiff in case he should call for it ; that sometime during the *November Term,* the defendant returned the money to the witness who then deposited it with the clerk for the plaintiff's acceptance, if he chose to take it, and gave notice to said *Fessenden* that he had so deposited it ; that he did not bring the money into court under the common rule, but under the statute, and left it with the clerk in pursuance of the tender before made, and as a convenient place to deposit the money in case the plaintiff chose to accept the tender; that he did not see the money from the time it was delivered by him to the defendant until he received it back since the commencement of the term, and could not say whether the defendant had kept it always ready for the plaintiff, or whether the money brought to him was the same with that originally tendered.

By the records of the clerk it appeared, that forty dollars in gold had been deposited with him by *R. A. L. Codman, Esq.* in this suit on the seventeenth day of the term.

EMERY J. before whom the trial was had, instructed the jury, that they might deduct the amount of the writ and service, $3,90

from the sum of forty dollars tendered, and then if they found that the balance covered all that was due to the plaintiff from the defendant at that time, they would find that the defendant never promised the plaintiff, remarking that as the counsel for the plaintiff objected to the sufficiency of the tender as made, that question might be reserved for the consideration of the whole Court. The verdict was for the defendant, and if the Court should be of opinion upon the whole case, that the tender was sufficiently made and kept good, the defendant was to recover his costs; and if not, the plaintiff was to recover his debt and costs, deducting the forty dollars, which sum was to be taken out of court by him.

*W. P. Fessenden*, for the plaintiff, contended, that in order to keep his tender good, the defendant must bring his money into court *on the first day of the term*, that the plaintiff may accept it if he will; otherwise the plaintiff is obliged to go on with his action. He cannot know that the defendant will bring the money into court. This is not money brought into court on the common rule. No leave was obtained, and *Mr. Codman* so states. *Tidd's Pr.* 565, 566; *Rules of Court, S. J. C.* 32. He comes under the *stat.* 1822, *c.* 60, which gives the defendant the same rights by tender of the debt and costs after the commencement of the action and before its entry in court, "as now exists in regard to the tender of money before the commencement of a suit." We may ascertain what is necessary to preserve such tender from seeing what it was necessary to plead, and what it is necessary to prove. When the defendant pleads a tender he must always pay it into court on the first day. *Patten v. Shelton*, 1 *Strange*, 638; 6 *Bac. Ab.* 464; 6 *Com. Dig.* 391; 15 *Petersdorf*, 27. If the defendant pays money into court, and does not pay the plaintiff his costs up to that time, he may go on with his action. 2 *Strange*, 1220; 1 *Esp. N. P.* 160. If the defendant bring money into court on a plea of tender, the plaintiff may take it out, though he reply that the tender was not made before action brought. 15 *Petersd.* 22; 1 *Bos. & Pul.* 332; 6 *Bacon*, 465; 5 *Dane*, 501. The plea of tender without bringing the money into court is a nullity. 1 *Barnes*, 181; 15 *Petersd.* 27. The view most favorable to the defendant is, that if the money be not paid into court the first

day of the term, he must pay costs until it is paid in. The tender is not sufficient in amount for that purpose. The tender to the alleged attorney was not good. He did not indorse the writ, and had not appeared in court as the attorney of the plaintiff. That the writ is in his handwriting does not make him attorney for any other purpose, or authorize him to discharge the action. 4 *B &amp; Cr.* 26; 5 *Dane,* 499.

*Fox,* for the defendant, contended, that all that was necessary to be done to make the tender good had been done. All the later authorities show, that where tender was made before suit brought, it is not necessary to bring the money into court. Our statute places both on the same ground, if enough is tendered to cover the costs then accrued. After a tender the burthen of proof is on the plaintiff to show a demand, or he cannot recover costs afterwards. But if necessary to bring the money into court, it was brought in soon enough. 5 *B. &amp; A.* 630; 1 *Campb.* 181; 2 *Taunt.* 203; *ib.* 282; *Suffolk Bank* v. *Worcester Bank,* 5 *Pick.* 106; *Howe's Pr.* 407. The tender was made to the right person. He made the writ, and had power to settle the demand and receive the money. *Hoyt* v. *Byrnes,* 2 *Fairf.* 475.

The opinion of the Court was delivered by

EMERY J. — This is a question exclusively of costs, but it has been argued as though it should be decided upon the strict doctrines applicable to the plea of tender, and the duty of a defendant as to bringing money into court in such cases.

The law respecting the pleading of a tender has been heretofore settled with some nice distinctions. If to debt on bond, the defendant pleaded that by a certain defeasance executed by the plaintiff, he agreed, that if the defendant would pay him 5 shillings on the pound for all that was due to the plaintiff, on or before a certain day, it should be a sufficient release to the defendant, and that the defendant tendered and offered to pay to the plaintiff on that day £10, in full of all that was due, but the plaintiff refused to accept it, to which there was a demurrer for causes, principally because the plea did not allege that he was always ready to pay that, nor did he bring the money into court. The plea was held to be good, because the defeasance was *collateral* to the bond, but

would not have been good, had it been contained in the bond, in that case it would be necessary to aver that he was always ready, and to bring the money into court. *Trevett* v. *Aggas, Willes' R.* 107 ; *Comyn's R.* 562.

In another case, *Habdeny* v. *Tuke, Willes' R.* 632, assumpsit, four counts, and in each £3, 18*s.* 10*d.* was demanded. As to the three last counts, non assumpsit, and as to the £3, 18*s.* 10*d.* in the first, a tender was pleaded in common form. The plaintiff replied a demand and refusal, before suing out the writ, rejoinder that before suing out the original writ, the defendant tendered, and offered to pay to the plaintiff the sum of £3, 18*s.* 10*d.* as by his plea he had alleged, traversing that the plaintiff at any time after the tender and before suing out the writ, the plaintiff requested him to pay. There was demurrer for cause, that by the rejoinder the defendant traversed matter not alleged in the replication, and that the rejoinder was no answer to the replication, but totally immaterial. The Court held, that the rejoinder was bad, that the defendant must say he was always ready to pay, as of the essence of a plea of tender. Ready from the time of the tender is insufficient. *Sweetland* v. *Squire, Salk.* 623. And judgment was rendered for the plaintiff. *Douglas* v. *Patrick,* 3 *Term. R.* 683 ; *French* v. *Watson,* 2 *Wils.* 74. But if the plaintiff reply a subsequent demand, it must be of the precise sum tendered. If he demand another sum than that tendered, the tender is not invalidated. *Fabian* v. *Winston, Cro. Eliz.* 209 ; 1 *Esp. R.* 115, 116; 1 *Campb.* 181. At common law a tender must be made before suit is commenced.

In *New-York,* a tender of rent takes away a right to distrain till a subsequent demand and refusal. But it does not take away the right to sue for the rent as a debt. It only saves interest and costs. *Hunter* v. *Le Conte,* 6 *Cowen,* 728.

Before the separation, if a defendant pleaded a tender with *tout temp prist,* and a profert in curia, where issue was joined on the tender, and found for the defendant, yet notwithstanding the verdict, judgment was rendered for the plaintiff, because it appeared, that the money tendered had not been brought into court. *Claflin* v. *Hawes,* 8 *Mass. R.* 261.

If the defendant bring the money into court on a plea of tender,

the plaintiff may take it out though he reply that the tender was not made before action brought. 1 *Bos. & Pul.* 332.

The principles of these decisions seems to be, that the effect of a tender is merely to discharge the debtor from subsequent interest and costs, if followed up. But after action has been brought, the defendant may pay the sum which he thinks he really owes into court, and let the plaintiff afterward proceed at his peril. The practice was introduced in *England* in the time of *Charles* II, to avoid the hazard and difficulty of pleading a tender, 2 *Archb. Practice,* 199 ; *Boyden* v. *Moore, Administrator,* 5 *Mass. R.* 365.

On bringing money into court on the common rule ; if the plaintiff proceed in the action, that sum is struck out of the declaration, and paid out of court to the plaintiff or his attorney, and upon trial of the issue, the plaintiff is not permitted to give evidence for the same. And in case he proceed to trial, otherwise than for the non-payment of costs, and do not prove more to be due to him than the sum brought in, the plaintiff on the rule being produced, shall be nonsuited, or have a verdict against him, and pay costs to the defendant. When the plaintiff proceeds further, without going on to trial, he shall have his costs to the time of bringing the money into court, and the defendant shall be allowed his subsequent costs. 1 *Tidd's Prac.* 569, 570. Such were the difficulties in regard to defendants who were willing to pay something, but not all that was demanded, that courts deemed it right to establish such rules for their relief. But it was not a full relief. There is good reason to imagine that those who first started the measure of legalizing a tender after suit brought, might have intended to dispense with the necessity of bringing the money into court, unless some new demand were afterwards made. But unfortunately, if that were the design, the *stat. Jan.* 25, 1822, *c.* 172, provides only, that " every person who may be sued, shall have the same right to tender payment of the debt and legal costs, which may have arisen at the time of such tender, to the plaintiff or his attorney in the action, after its commencement and before the entry thereof in court, as now exists in regard to the tender of money before the commencement of a suit."

The law in respect to tender before action brought, it is manifest, requires that the money on the pleading of tender must be brought into court. And from the case of *Claflin* v. *Hawes,* 8

*Mass. R.* 261, it is apparent, that even if the tender be proved on trial; yet if this money be not brought into court, the creditor will have judgment notwithstanding the verdict. If the Legislature intended to dispense with the necessity of bringing the money into court, they have failed to use those terms, which could easily have expressed their views.

From the report, we have no doubt that *Mr. Fessenden* was the plaintiff's attorney, and that to him the defendant would be authorized to tender the money. It was deposited with the clerk afterwards. The record shows, that it was done on the 17th day of the term. This was evidently before the trial.

In *Philips* v. *Barker, Barne's notes,* 289; Rule absolute for leave to withdraw plea of general issue on payment of costs, pay £2, 2s. into court on common rule, and plead the same plea again; defendant taking notice of trial for the sitting after term in *Middlesex.* No delay has been occasioned to plaintiff by defendant omitting to bring money into court before plea pleaded.

In *Kene* v. *Mitchell, Barne's notes,* 284, money was paid into court upon the common rule, which plaintiff refused to accept and delivered an issue ; but afterward changed his mind and applied to the court for leave to take the money out of court, with costs to the time of bringing it in, which was ordered, upon payment of subsequent costs for defendant.

In *Zeevin* v. *Cowell,* 2 *Taunt.* 203, after action commenced and before declaration, the defendant's attorney offered to the plaintiff's attorney the debt and costs which the plaintiff's attorney then declined to accept, and proceeded to deliver a declaration. The Court permitted the defendant to pay into court the debt and costs up to that time of his offer only. And in case the plaintiff should take the money out of court he should pay the costs of the motion.

In *Roberts* v. *Lambert,* 2 *Taunt.* 284, decided in *Feb.* 1810, a tender had been made on the 27th day of *Dec.* preceding to the plaintiff's attorney of £31 10s. after action commenced. The facts were, that the writ having been sued out, the defendant's attorney undertook to appear and afterward tendered the sum of 30 guineas and the costs of the action to that time, but the plaintiff's attorney refused to accept it, and afterwards delivered a declaration consisting of eight counts and a particular of his demand,

Reed v. Woodman.

charging the 30 guineas for nine months wages, and a further sum of £68, 10s. damages for being improperly dismissed from service. The plaintiff's counsel endeavored to distinguish the case from *Zeevin* v. *Cowell*, and also insisted on the greater delay which had taken place here, about seven weeks having intervened since the tender.

But the Court made the rule absolute, that the defendant might be at liberty to pay into court on the five last counts of the plaintiff's declaration the sum of £31, 10s. And that if the plaintiff should accept thereof with costs up to the 27th of *December* last, he should pay the defendant all the costs incurred since that time; and if the plaintiff would not accept, that sum might be struck out of the declaration.

The truth is, that at one period the plea of tender was considered a dilatory plea and to be pleaded in four days. It was afterward more sensibly considered a fair, honest, and issuable plea in bar, and therefore all the Court would regard was, whether the money was truly in court in order for the plaintiff to receive.

In this case the just demand of the plaintiff was for twenty-five cents each for the freight of 135 stoves, which would amount to thirty-three dollars seventy-five cents, if to that sum be added fifty cents for interest from the 28th of *July*, the date of the writ, to the 16th of *October* following, the time of the tender, it would amount to thirty-four dollars twenty-five cents; increase that, by the addition of three dollars ninety-nine cents for costs, and it will amount to thirty-eight dollars twenty-four cents, and the defendant tendered forty dollars.

We know judicially that the term of this Court commenced on the second Tuesday of *Nov.* 1837; that on the 28th day of *Nov.* 1837, it was adjourned to Monday, the 4th day of *Dec.* 1837; and that this trial commenced on the 21st day of *Dec.* 1837.

We must therefore perceive, that ample time was given to the plaintiff to discover that the money was in the clerk's possession before the action was brought to trial.

But inasmuch as the defendant did not bring the money into court the first day of the term, *the majority of the Court* are of opinion, *in which I do not concur*, that the defendant's tender has not been kept good, and that the plaintiff is entitled to such costs as have not already been paid to him.