Dwinel *v.* Soper.

---

## Dwinel *versus* Soper.

In levying an execution against two joint debtors upon real estate held by them in common, it is not necessary to appraise each one's share separately.

In making such a levy, the taking of land to an amount greater, by one cent and three mills, than the creditor was entitled to, will not vacate the levy.

Such a case comes within the rule, "*de minimis lex non curat.*"

In such a levy, one of the debtors lived upon the land, and the other within a half a mile of it, and the officer, in his return, certified that, at ten o'clock in the forenoon, he left at the dwellinghouse of each, a written notice, stating that he had seized the land, and requesting them to choose an appraiser, to assist in the appraisement to be made at five o'clock in the afternoon of the same day, and that that was a reasonable notice.   *Held*, that, *if* the officer's return was not conclusive, the *court* could not decide that the time allowed, to the debtors to choose an appraiser, was not a sufficient one.

WRIT OF ENTRY against Henry R. Soper.

The demandant claimed title under a levy made upon an execution in his favor against this tenant, and William N. Soper. The tenant contended that the alleged levy was invalid. The case was submitted for nonsuit or default, as the rights of the parties may require.

*Hilliard,* for the defendant.

1. The estate of each of the tenants in common should have been appraised separately. Their estates may have been in unequal shares ; or one may have had a fee and the other but a life-estate. Upon this point, R. S. c. 94, § 11, is peremptory. The object relates not only to the mode of redeeming, but it is to show, as between the debtors, how much each one has paid. 3 Greenl. 288; 3 Pick. 250 ; 2 Black. Com. 191.

2. Too much land in value was taken, by one cent and three mills. This vacates the levy. The case is not within the rule " *de minimis lex non curat.*" 5 Mass. 367 ; 2 Greenl. 375 ; 8 Metc. 136 ; 22 Pick. 297 ; 4 Greenl. 298 ; 26 Maine, 277.

3. There was not sufficient notice to the debtors to appoint an appraiser. Both of them were absent from home. 6 Greenl. 162.

*Peters,* for the plaintiff.

1. The statute requiring separate appraisals, applies only to cases where there is some tenant in common, other than the execution debtors. In this case, the debtors owned the whole, and owned it in equal shares.

2. The tenant contends that land was taken of too much value by one cent and three mills. The law has wisely provided a rule, that such insignificant variances shall not vacate titles. 8 Conn. 45 ; 9 Conn. 573 ; 1 Fairf. 108.

3. The notice to one of the debtors and co-tenants was sufficient. To the one of them, who lived on the land, the notice was seasonable, and so it is believed was the notice to the other. 6 Greenl. 162. The officer's return specifying what notice was given, and that it was a reasonable notice, is conclusive.

SHEPLEY, C. J. — The title of the demandant depends upon the validity of a levy made upon the premises.

The objections to it are : —

1. That reasonable notice was not given to the debtors to choose an appraiser.

The return made by the officer states the facts respecting the notice, and that it was a reasonable one.

The statute, chap. 94, sect. 5, requires, that a debtor should be allowed a reasonable specified time within which to appoint an appraiser. The return states, that one of the debtors resided upon the premises, and the other within half a mile of them. That he left written notices at their respective dwelling-houses, at ten of the clock in the forenoon, to choose an appraiser, to make the appraisement at five of the clock in the afternoon of the same day. If the return of the officer were not conclusive, the court could not decide, that there was not a reasonable time allowed.

2. The second objection is, that the share of each debtor in the common estate was not appraised separately.

There is nothing in the levy, which could have the effect to change the character of the estate, when redeemed. Both portions of the estate being united in the creditor, the tenancy in common would cease, when it was not redeemed. Equal shares of a common estate must of necessity be of equal value.

3. The third objection is, that the value of the estate exceeded by the sum of one cent and three mills the amount of the debt, costs and fees.

In the case of *Boyden* v. *Moore*, 5 Mass. 365, it was said, " if any sum large enough to be discharged in the current coin of the country is a trifle," " it will be difficult to draw a line, and say how large a sum must be, not to be a trifle." This was said in a course of reasoning to show that forty-one cents could not be disregarded as a trifle. And in the same case it is said, that a verdict would not be set aside to relieve a party against an error of forty cents, and this term appears to have

been used to designate the error before named, of forty-one cents.

In the case of *Huse* v. *Merriam*, 2 Greenl. 375, the taxes assessed exceeded by eighty-seven cents the amount authorized by law, and the decision was, that the excess did not fall within the maxim *de minimis non curat lex.* The case of *Boyden* v. *Moore* was referred to with approbation.

In the case of *Huntington* v. *Winchell*, 8 Conn. 45, the title depended upon the validity of levies made to satisfy two executions. The value of the estate exceeded the amount to be paid, in one, ten cents, and in the other, seventeen cents. The maxim was considered to be applicable to these sums, and the levies were held to be valid.

In the case of *Spencer* v. *Champion*, 9 Conn. 537, the value exceeded by fourteen cents the amount to be paid, and the levy was sustained.

In the case of *Pickett* v. *Breckenridge*, 22 Pick. 297, the value of the estate exceeded by three dollars the amount to be paid, and it was decided to be invalid.

An amount, which cannot be paid in any legally current coin of the country, must of course be disregarded.

A literal application of the maxim would authorize the court to disregard also in the estimate of value one of the least of the current coins.          *Tenant defaulted.*