Glidden *v.* Chase.

---

GLIDDEN *versus* CHASE.

A levy of land on execution, greater in value, by the sum of fourteen cents, according to the appraisement, than the officer was authorized by his precept to take, is invalid.

For such excess, as there can be no apportionment of the land taken, the levy is wholly void.

*It seems,* that a levy is unsustainable, if the excess in value of the land taken be more than the value of any coin, which by statute is a legal tender.

On Report from *Nisi Prius*, Shepley, C. J. presiding.

Writ of Entry.

The land had been levied and set off on execution to the demandant. Subsequently to the levy, the execution debtor conveyed it to the tenant.

Unless the levy was valid, the demandant is not entitled to recover.

To the levy two objections were taken; the one in relation to the notice given by the officer to the debtor, in which to appoint one of the appraisers; the other, because a greater amount of land, by fourteen cents, was set off than the officer was authorized by the execution to levy.

The case was submitted to the Court.

*Paine* and *Libbey*, for the demandant.

*G. W. Crosby*, for the tenant.

Glidden v. Chase.

HOWARD, J. — The demandant is entitled to judgment, if the levy of his execution on the demanded premises, can be supported. It was made, as it appears by the return of the officer, for a sum exceeding the amount of the judgment, including the debt, costs and interest, and the charges of levy, by fourteen cents; and, consequently, more land was taken from the debtor than, at the appraised value, would satisfy the sums for which the levy could have been properly made.

It is not assumed that a creditor can legally take more land from his debtor, by levy, than may be sufficient, at the appraisement, to satisfy his execution, and all fees and charges of levy; but it is contended that the excess was so small, in the levy of the demandant, that it may be regarded as a trifle, which cannot affect the validity of the proceedings. *De minimis non curat lex* is a sound maxim of the common law, when properly applied, but it furnishes no positive rule of duty. It had its origin in necessity, and was not intended to excuse negligence or justify wrong, in any form.

Fractions which cannot be expressed in legal money of the country have been regarded as trifles. But a sum large enough to be paid in coin that may be a legal tender, and which constitutes a debt, and may be collected by legal process, cannot be regarded by the law as worthless and trivial. If such a sum be a trifle, " it will be difficult to draw the line, and say how large a sum must be, not to be a trifle," as stated by PARSONS, C. J., in *Boyden* v. *Moore*, 5 Mass. 371.

The excess, in the present case, was double the value of the smallest silver coin current by law, when the levy was made; and more than quadruple the value of the least silver coin made a legal tender before the time of redemption by the debtor had expired. U. S. Laws, March 3, 1851, c. 20, § 11. For such excess the levy must be void, and, as there can be no apportionment of the land taken, it must be wholly invalid. And in our opinion, the like consequences must follow, where the excess is more than the value of a coin which, by statute, is made legal tender. *Huse* v. *Merriam*, 2 Maine, 375; *Dwinel* v. *Soper*, 32 Maine, 119; *Pickett* v.

*Breckenridge*, 22 Pick. 297 ; *Boyd* v. *Page*, 30 Maine, 460 ; *Skinner* v. *McDaniel*, 5 Vermont, 539. In *Huntington* v. *Winchell*, 8 Conn. 45, the levies, which apparently exceeded the amount to be paid, were sustained. But upon an accurate computation, it appeared that the land fell short of the esti- mate, and the creditor did not obtain the full value of his judgment and costs, by a few cents. In *Spencer* v. *Champion*, 9 Conn. 537, it was held that the excess of fourteen cents did not invalidate the levy, upon the principle settled by the same court, in *Huntington* v. *Winchell*.

Levies of executions on real estate, which included officers' fees and charges, not authorized by law, have been sustained, upon the ground that the creditor had no control over the acts or fees of the officer, and ought not to suffer by his offi- cial misconduct. Such over taxation would be for the ben- efit of the officer solely, and for which the creditor could not be held responsible. Justice and general convenience require that such a levy should be upheld, although the officer would be answerable to the debtor for the excess of fees so taken ; and if they were corruptly and wilfully demanded and re- ceived, he would be liable to be punished on indictment and conviction, or subjected to a forfeiture. R. S. c. 158, § 17 ; *Sturdivant* v. *Frothingham*, 10 Maine, 100 ; *Holmes* v. *Hall*, 4 Met. 419 ; *Burnham* v. *Aiken*, 6 N. H. 306.

In this view of the case, the objection that the levy was not made in conformity with the statute requirements, does not become material.                *Demandant nonsuit.*

SHEPLEY, C. J., and TENNEY, WELLS and APPLETON, J. J., concurred.