## REUBEN G. HOLMES *vs.* ORLANDO LELAND.

On the hearing of an appeal from a judgment of the court of common pleas upon a ques
tion of costs, the certificate of the judge who presided in that court, filed in the case by
his order, and stating his instructions to the jury, is admissible to show the grounds of
the verdict, when material to the decision of the question of costs.

In an action, brought originally in the court of common pleas, for the use and occupation
of two tenements, as to one of which the defendant pleaded that he owed nothing, and as
to the other a tender of $30, the judge instructed the jury that they were not to include,
in a verdict for the plaintiff for the use and occupation of the second tenement, the
amount tendered, and they returned a general verdict for the plaintiff for $15, on which
judgment was rendered. *Held,* that the plaintiff "finally recovered" more than $20,
within the meaning of Rev. Sts. c. 121, § 3, and was entitled to full costs.

ACTION OF CONTRACT, brought originally in the court of com-
mon pleas. The declaration contained two counts; in the first
of which the plaintiff claimed one hundred dollars for use and
occupation of the " old cider mill building " from April 1st 1852
to April 1st 1853 ; and in the second, one hundred dollars for use
and occupation of the " new cider mill " from April 1st 1853 to
July 1st 1853.

The defendant, in his answer, denies his use and occupation
of the old cider mill, or that he owes the plaintiff any thing there-
for, and says that if the plaintiff ever had any claim upon him
therefor, he has paid the same. "And as to the use and occupa-
tion of the new cider mill, he says, that he tendered to the plain-
tiff the sum of thirty dollars on account of the said cause of
action, which is all that said occupation is worth."

The jury returned a verdict for the plaintiff in the sum of
fifteen dollars, on which the court gave judgment for the plain-
tiff, and for full costs. From this judgment the defendant
appealed.

The facts above stated appeared on the record. The follow-
ing report, signed by *Byington,* J. who presided at the trial, was
filed in the case, by his order : " In this case the court instructed
the jury, that if they found the defendant tendered the sum of
thirty dollars, they would find a verdict for the defendant, unless
satisfied there was a larger sum due to the plaintiff; if they
found more than thirty dollars was due the plaintiff, they would

find a verdict for him for such further sum as they should find his claim proved should exceed the sum of thirty dollars, but not for the thirty dollars, that sum having been tendered and brought into court by the defendant for the plaintiff. The jury were also instructed, that if they found that any thing was due to the plaintiff for rent of the old mill building, they would find a verdict for what they should find so due, no tender having been made for that; although they should find that the thirty dollars, which was tendered for the rent of the new mill only, was equal to the amount due therefor. The plaintiff not only controverted the fact that the tender was sufficient in amount; but also contended that it was insufficient in point of form, because, as he claimed, it was a tender (if at all) for only a part of the mill which he so occupied, and not for the whole which he occupied."

*G. F. Hoar*, for the defendant. The amount tendered is not to be taken into consideration in taxing costs. The plaintiff having got judgment for less than twenty dollars, has " finally recovered " less than that amount, within the meaning of the statute, and is entitled to only one fourth as much costs as damages. Rev. Sts. *c.* 121, §§ 3, 6 – 11. *Dixon v. Walker*, 7 M. & W. 214. 3 Steph. N. P. (Amer. ed.) 2611. *Wallen v. Smith*, 3 M. & W. 138. Bouvier Law Dict. Recovery. The plea of tender goes in bar of the whole action on the count to which it is pleaded. At common law, if the plaintiff replied " never tendered," that is, that the tender was insufficient in form, he had a verdict and judgment for his whole damages, if he prevailed; if he replied that more was due, that is, that the tender was insufficient in amount, he had a verdict for his whole damages, and the court, in rendering judgment, deducted the money paid into court. *Boyden v. Moore*, 5 Mass. 365. *Orne v. Putnam*, 5 Dane Ab. 504. 5 Dane Ab. 508. 3 Wentw. Pl. 176. 1 Saund. 33, *note. Le Grew v. Cooke*, 1 Bos. & Pul. 332, & cases cited. 1 Chit. Pl. (6th Amer. ed.) 592. 1 Tidd's Pract. (1st Amer. ed.) 621. The rules of court and cases, relating to payment of money into court, do not apply; for the fact of payment into court becomes

matter of record, and is not a fact to be tried by the jury; whereas the fact of tender may be disputed, as it was in this case.

The paper on file, purporting to contain the instructions of the presiding judge, is no part of the record, and cannot have the effect of changing a general verdict into a special one. *Coolidge* v. *Inglee,* 13 Mass. 50. *M'Fadden* v. *Otis,* 6 Mass. 323. *Parker* v. *Framingham,* 8 Met. 264. *Baker* v. *Appleton,* 4 Greenl. 66.

But if the judge's certificate is to be taken in connection with the verdict, the plaintiff is not entitled to full costs. For the jury may have rendered their verdict for the plaintiff on the first count alone; and found the tender sufficient in form and amount, and thus a complete answer to the second count.

*H. Chapin & F. Wayland, Jr.* for the plaintiff, cited Rules 16 & 17 of C. C. P., Colby's Pract. 437, 438; Howe's Pract. 404 *& seq.; Boyden* v. *Moore,* 5 Mass. 372; *Williams* v. *Ingersoll,* 12 Pick. 345; 1 Saund. 33, *note*; 5 Dane Ab. 507, 512; *Barnard* v. *Curtis,* 8 Mass. 535; *Crosse* v. *Seaman,* 11 C. B. 524.

DEWEY, J. If we are not to look beyond the mere verdict in the present case, inasmuch as that was for a sum less than twenty dollars, the plaintiff would be entitled for costs to only one fourth part of the sum stated in the verdict as damages. But the amount of the verdict is not conclusive as to costs. The pleadings, specifications, and issues submitted to the jury, may show a case, where, although less than twenty dollars damages were given by the verdict, full costs should be allowed to the plaintiff. It would be so where it appeared that the damages were reduced below twenty dollars by an account filed in set-off under the statute. It would be so also, where, on the trial of a personal action, the title to real estate was involved. In these and like cases, it is competent, on the question of costs, to go into evidence to show upon what principle the verdict was rendered, and whether the case is not an exception to the ordinary cases as to costs. For that purpose, we may properly recur, in the present case, to the pleadings and other evidence, to show the course of the trial, and ascertain the grounds of the verdict. The report of the presiding judge, stating his instructions to the

jury as to their manner of assessing damages, is also properly before us, on this appeal from his decision as to the taxation of costs.

The case is found to have been an action for the use and occupation of certain tenements of the plaintiff. As to the use and occupation of one of the tenements, the defendant pleaded a tender of $30, and as to the residue of the claim, he denied any indebtedness. Upon the trial, the jury were instructed " that if they found the defendant tendered the sum of $30, they would find a verdict for the defendant, unless satisfied there was a larger sum due the plaintiff; if they found more than $30 was due the plaintiff, they would find a verdict for him for such further sum as they should find his claim proved should exceed the sum of $30, but not for the $30, that sum having been tendered and brought into court by the defendant for the plaintiff." Under these instructions, the jury returned a verdict for $15. It is therefore quite apparent that the plaintiff recovered in fact, in his action, more than $15; as the verdict was exclusive of the sum brought into court by the defendant for the plaintiff, and which the plaintiff was entitled to at all events. The fruits of the action were therefore the $30, in addition to the $15.

It is urged, on the part of the defendant, that at common law the verdict of the jury on a plea of tender was given for the whole amount due on the promise, and the court deducted from the verdict the sum alleged to have been tendered, and which had been brought into court for the plaintiff, and entered judgment for the balance. This may be so, and the case of *Boyden* v. *Moore*, 5 Mass. 365, seems to indicate that as the proper course. If such had been the course of this trial, and the jury had been instructed to return their verdict for the whole amount due, without deducting the money brought into court, and they had returned a verdict for $15, it might have affected the costs. But where there is a plea of tender of $30, which admits a promise and liability to that amount, it is difficult to perceive how the verdict could have been for less than $30, if the jury had given the whole amount due on the promise to the plaintiff. But it is

enough to say that this verdict was obviously taken only for the balance found due the plaintiff above the sum tendered.

In regard to the practice of assessing damages, in a case where a tender is pleaded of a sum less than that demanded by the plaintiff, there has not been an entire uniformity. The earlier, and perhaps more correct, mode was, to have the jury return a verdict for the whole sum due on the contract, without deducting the money brought into court, and if the verdict was for a larger sum than that tendered, the court deducted the sum brought into court, and rendered judgment for the balance. A different practice, and one like that adopted in the present case, has prevailed to some extent; either may, under proper instructions, effectually secure the rights of all parties. Perhaps the better rule will be found to be that the jury assess the whole sum due on the promise or contract, irrespective of any tender; as that would on the face of the verdict show the whole sum the plaintiff was entitled to receive, and prevent any further inquiry as to costs.

Upon the facts before us, we are satisfied that the plaintiff was entitled to receive, as the fruits of his suit, the sum of $30, in addition to the $15 assessed as damages by the jury. The tender was at the peril of the defendant to tender enough to discharge the plaintiff's whole demand. He not having done so, the plaintiff was at liberty to decline receiving the tender of $30, if made, and institute his action, and is entitled to recover full costs. *Judgment affirmed.*