REBECCA E. PRESCOTT *vs.* JOSEPH PRESCOTT and another.

*Execution—when void—levy of.*

An execution must not exceed in amount the judgment thereby to be enforced.

A levy of an execution exceeding the amount of the judgment on which it issued is void, and is not saved by the provisions of R. S., c. 76, § 20.

Upon a libel for divorce, a specific sum in lieu of alimony was decreed, to be paid in twenty days from the final adjournment of court; if not so paid, execution was then to issue "for said sum." The execution that issued required the officer to collect the amount, with interest from the day of final adjournment, and not from the expiration of the twenty days. Interest was so computed, and made part of the amount satisfied by a levy upon real estate; *held*, that the levy was wholly void.

ON REPORT.

WRIT OF ENTRY to recover a parcel of land, with the dwelling-house thereon, in the city of Bath.

The demandant claims title under a levy of a writ of execution issued upon the judgment sought to be reversed in the case of *Prescott v. Prescott*, 59 Maine, 146.

To prove her title, the demandant put into the case, the record of that judgment, recovered upon her libel against the said Joseph for a decree of divorce from the bonds of matrimony; from which it appears that a divorce was decreed at the December term of this court, A. D., 1867, when the libellee was ordered to pay the said Rebecca twenty dollars monthly, until otherwise ordered by the court. At the next term (April term, 1868) the libellee having wholly failed to comply with the order, he was adjudged to be in contempt of the authority of the court, and was therefore committed to the jail at Wiscasset, to be there "imprisoned and detained until he shall perform said order or be otherwise discharged by due course of law."

At the August term, A. D. 1868, upon further hearing, it was decreed: "That in addition to the dower in the libellee's real es-

Prescott *v.* Prescott.

tate to which the libellant is by law entitled, and in addition to the sums heretofore ordered by the court to be paid by the said libellee, the said libellee pay to the said libellant, instead of alimony, the sum of six hundred dollars; and in default of payment of the same, with the costs on this libel legally taxable, within twenty days from the final adjournment of this court, that execution issue for the said sum of six hundred dollars and taxable costs, to be levied on the goods and chattels, lands or tenements of the defendant, and in default thereof upon his body. And the order for monthly payments henceforth ceases. *Ordered also,* That execution issue for the amount of such of the monthly instalments heretofore ordered to be paid by the libellee, as have accrued since his commitment to jail."

No part of the said several sums having been paid, at the expiration of said twenty days from the day of the final adjournment of the court, execution in common form was issued, wherein the officer was commanded to collect the same, with interest from the day of the final adjournment (as the day of the rendition of judgment). The interest was so computed, and made a part of the amount to satisfy which the premises were levied on.

For this and for other causes, which the court found it unnecessary to consider, it was contended that the levy was void.

*Francis Adams,* for the demandant.

*Wales Hubbard,* for the tenant.

Appleton, C. J. It is well settled that execution may issue in favor of the wife against the husband for alimony decreed the wife. So, an action of debt will lie on such decree. *Howard v. Howard,* 15 Mass., 196. In *French v. French,* 4 Mass., 587, it was held, where alimony was decreed to be paid quarterly, that the court would not issue execution without first making a rule on the husband to show cause. But in that case, the alimony had been decreed in one county and the application for an execution was in another. In the case at bar, the libel was pending and the monthly

instalments remained unpaid, for which execution was to issue. There was no occasion to issue a rule on the libellee, for he was in court by his counsel, and it being shown satisfactorily to the court, that monthly instalments due remained unpaid, the libellant was entitled to an execution for the amount, and whether the instalments were included with the sum allowed in lieu of alimony, or several executions were issued for each instalment, was a matter which could not injuriously affect the libellee.

While the joinder of the instalments with the sum allowed for alimony cannot prejudice the libellee, the issuing of execution for a greater sum than was ordered by the decree of the court must be to his injury.

To sustain a levy there must be an execution. No execution can properly issue unless it corresponds with an antecedent judgment, which is thereby to be enforced. An execution which is not preceded by a judgment, is void. In *Clark v. Fowler*, 5 Allen, 45, it was held that a valid title to land was not acquired by the levy thereon of an execution, issued on a judgment in a suit in which no legal service was made on the defendant, though, after the rendition of judgment, he verbally waived the want of legal service upon him. In the present case the judgment and the execution are both before us, and there is an important and material variance between them. The judgment is for a sum payable at a future day without interest, while by the execution the officer is commanded to collect the same sum with interest for the time during which, by the judgment of the court, there was to be no interest. The mandate of the execution exceeds in an important particular the judgment of the court, varying from it in being more onerous on the libellee.

The error in this case is not that of the court in making an erroneous computation of the amount due, which, perhaps, might be rectified. *Avery v. Bowman*, 40 N. H., 453. It is in commanding the collection of what by the judgment of the court was not to be collected. No motion was made for correction or amendment of the execution. The levy was consequently for too large

a sum—to wit: the sum of $2.40. In *Glidden v. Chase*, 35 Maine 90, a levy of land on execution greater in value by fourteen cents, according to the appraisement, than the officer was authorized by his precept to take was held invalid.

The case does not fall within the provision of R. S., c. 76, § 20, by which a remedy is given against the officer or creditor, when, through the mistake of the officer, the levy is made for too much, for here there was no error on the part of the officer. He only followed the commands of his precept.

In *Wilson v. Flemming*, 16 Vermont, 649, an execution, misdescribing the judgment as to sums, was held void, and was set aside on *audita querela.* "When the judgment is thus misdescribed," observes Redfield, J, "it is the same as if there was no judgment upon which the subsequent proceedings rested; for, in fact, there is no such judgment as is recited." The record of the judgment and the execution, both of which were introduced by the demandant, show precisely the same variation as in *Wilson v. Flemming*, and the facts fully appearing in the evidence, no reason is perceived why the same result should not follow. So, an execution made returnable in sixty days, when it should be made returnable in one hundred and twenty, is void, and will afford no justification to an officer seizing and selling property. *Bond v. Wilder*, 16 Vermont, 393; *Fifield v. Richardson*, 34 Vermont, 410.

The case of *Smith v. Keen*, 26 Maine, 411, is not applicable. There the execution was in conformity with the judgment, but the judgment exceeded the *ad damnum*, and it was held that the judgment was valid until reversed. Here no exception is taken to the validity of the judgment. The objection is that no execution has been issued in conformity therewith.

There are other exceptions taken to the levy but it is unnecessary to consider them, as the objection discussed we regard as fatal.

*Judgment for the tenant.*

CUTTING, DICKERSON, DANFORTH, VIRGIN and PETERS, JJ., concurred.