### 7248

### B. & M. WHITE LAUNDRY CO. v. CHARLESTON AND WESTERN CAROLINA RY. CO.

CARRIER—FREIGHT—PENALTY.—Where a consignee files a claim for damage to freight, which is not paid by the carrier, and upon suit he recovers one-half cent less than amount for which claim was filed, he is entitled to recover the penalty under 24 Stat., 81, as the difference is too small for Courts to recognize.

*Nix* v. *Bradley,* 6 Rich. Eq., 43, *and Kennedy* v. *Grambling,* 33 S. C., 386, *distinguished from this case.*

*Can the recovery of part of a claim filed be increased by interest so as to entitle the claimant to the penalty?*

Before DeVore, J., Greenville, November, 1908. Affirmed.

Action by B. & M. White Laundry Co. against Charleston & Western Carolina Ry. Co. From Circuit judgment, affirming judgment of Magistrate Samuel Stradley, defendant appeals.

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: 78 S. C., 56; 81 S. C., 169; 33 Am. Dec., 745; 33 S. C., 386.

*Mr. J. R. Martin,* contra, cites: 72 S. C., 484; 6 L. R. A. (N. S.), 1158; 25 L. Ed. U. S., 582; 19 Id., 280; 18 Id., 832; 16 S. C., 189; 16 Cyc., 873; 82 S. C., 97; 100 U. S., 239.

14—83

July 19, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY.   The appeal herein is from the following order of his Honor, Judge DeVore:

"Appeal from judgment of magistrate for $66.88 in favor of plaintiff, composed of damages for $16.88 for injury to shipment of cement and $50 penalty under 24 Stat., 81.   I find that the plaintiff, by the evidence, has established damage and loss to the extent of $16.87½, and that the other requirements of the statute have been complied with.   The defendant insists that the plaintiff, having filed his claim for $16.88 and having sued for that amount, is not entitled to the penalty of $50, for the reason that the claim proved is less than the amount claimed and sued for. I hold that the difference of one-half cent, between the amount claimed and the amount of damage proved, is too small for the Court to take into consideration, the Court being unable to carry out a judgment dividing one cent.

"It is, therefore, ordered, that the exceptions be overruled, and that the judgment of the magistrate be confirmed."

The appellant's attorney states that "the single point involved in this appeal is whether the plaintiff, who files his claim for a certain amount, is entitled to the penalty of $50 when he proves and recovers damages to the amount of one-half cent less than he claimed and sued for."

The testimony introduced in behalf of the plaintiff, upon the trial before the magistrate, was to the effect that cement was lost and damaged to the amount of $9; and 105 sacks were torn and rendered worthless, which, when whole, were of the value of 7½ cents per sack, aggregating $7.87½. The total for the loss of the cement and the destruction of the sacks was $16.87½.

The appellant's attorney erroneously assumes that the amount due the plaintiff, at the time judgment was rendered, was only $16.87½.

Section 2 of the Act of 1903, page 81, contains the following provisions: "In every case, such common carrier shall be liable for the amount of such loss or damage, *together with interest thereon, from the date of the filing of the claim therefor, until the payment* thereof. Failure to adjust and pay such claim within the periods respectively herein prescribed shall subject each common carrier so failing to a penalty of $50, for each and every such failure. * * * *Provided,* that unless such consignee or consignees recover in such action the full amount claimed no penalty shall be recovered, but only the actual amount of the loss or damage, *with interest as aforesaid."* (Italics ours.)

The defendant did not offer any testimony, and did not dispute the fact that the sum of $16.87½ was due the plaintiff at the time the claim was filed.

When judgment was rendered, the amount due the plaintiff was $16.87½, *together with interest thereon from the date of the filing of the claim,* which was a larger amount than $16.88.

As it may be argued, however, that this proposition was not involved in the ruling of the presiding Judge, we proceed to the consideration of the question whether the doctrine *de minimis non curat lex* is applicable to the case.

In the case of *Boyden* v. *Moore,* 5 Mass., 365, the Court was asked to apply this doctrine, when the insufficiency of the amount tendered was forty-one cents. The Court said: "That the law will not regard trifles, is, when properly applied, a correct maxim. But to this point it is not applicable. In calculating interest there may, and probably must, arise fractions not to be expressed in the legal money of account; these fractions are trifles and may be rejected. In making payments it is sometimes not possible, from the value and division of the current coin, to make the exact sum; if the payments be made as nearly as it conveniently can be made, the fractional part of a small coin may be

neglected; it is a trifle.   But the present case is not one of these trifles."

In the case of *Dwinel* v. *Super,* 32 Me., 119, the Court had under consideration the question whether the doctrine was to be applied when, in levying an execution upon real estate, the taking of land, to an amount greater by one cent and three mills than the creditor is entitled to, will not vacate the levy, the Court used this language: "An amount which can not be paid, in any legally current coin of the country must, of course, be disregarded.   A literal application of the maxim, would authorize the Court to disregard, also, in the estimate of value, one of the least of the current coins."

In *Huntington* v. *Winchell,* 20 Am. Dec. (Conn.), 75, the Court applied the doctrine, and held a sale under execution valid, notwithstanding there was an excessive levy to the amount of ten cents under one execution, and of seventeen cents under the other.

It is said in the case of *Glidden* v. *Chase,* 58 Am. Dec. (Me.), 691, that "fractions which cannot be expressed in legal money of the country have been regarded as trifles."

See also *Spencer* v. *Champion,* 9 Conn., 545, and *Pickett* v. *Breckenridge,* 33 Am. Dec. (Mass.), 745.

The appellant's attorney relies upon the cases of *Nix* v. *Bradley,* 6 Rich. Eq., 43, and *Kennedy* v. *Grambling,* 33 S. C., 386, 11 S. E., 1081, and quotes from them the following language: "The maxim *de minimis non curat lex* has no application to money demands."   The question, however, now under consideration was not involved in those cases.

The fraction of one cent, for which we have no current coin, is too trivial for the practical administration of the law.

The recovery being for the full amount of the claim filed, it necessarily follows that the plaintiff is entitled to recover the penalty.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE HYDRICK *concurring.* I concur on the second ground in the within opinion, which is really the only point involved in the appeal.

I do not think the recovery of a part of a claim filed, increased by interest on such part to make the amount recovered equal to or greater than the amount of the claim originally filed, can properly be said to be a recovery of the full amount claimed.

The statute allows the recovery of interest on the claim from the date of the filing thereof; and even when the full amount claimed is not recovered, it allows the recovery of interest on the actual amount of the loss or damage. Therefore, interest can not be said to be a part of the claim filed, for no interest is due at the date of the filing.

The purpose of the *proviso,* that no penalty shall be recovered unless the full amount claimed shall be recovered, was to prevent consignees from filing claims unjust in part and requiring carriers to pay them, or to pay a penalty for refusing to pay them, even though they should, upon trial, be shown to be unjust in part.

The interest on the valid part of a large claim might be enough to overbalance a very material reduction by the Court of the amount of the claim filed.