Cole, Ch. J.
On the trial the plaintiff introduced in evidence the patent for the land by the United States to himself, and rested. The defendant then introduced, without objection, a tax deed made by the treasurer of Page county to N. B. Moore, for the land in controversy, of date November 29, 1866, which deed recited the regular sale to said Moore of said land, on the 3d day of October, 1863, *253 for tbe delinquent taxes of 1860, 1861 and 1862, and that the same had not been redeemed, etc., as and in the form and manner prescribed by statute. The defendant also showed the conveyance of said land, through several successive grantees, by Moore down to himself, and rested. This was all the evidence. Judgment being rendered for defendant, the plaintiff appeals, and claim's that the court erred in rendering such judgment without some proof by defendant showing'that the essential steps to the exercise of the taxing power were taken. His position is, that the statute making the deed conclusive evidence of such steps is unconstitutional, and that there is no statute making it prima facie, and hence the party claiming under the deed must show such steps or facts by independent evidence. We have already held that the deed is prima facie evidence (McCready v. Sexton, 29 Iowa, 356), and are content to follow and affirm that ruling. See, also, Allen v. Armstrong, 16 Iowa, 508.
Affirmed.