COOPER v. FREEMAN LUMBER COMPANY.

Opinion delivered June 29, 1895.

TAX SALE—EXCESSIVE COSTS.—A tax sale of land is void which in-
cludes as part of the costs of sale a clerk's fee of twenty-five
cents for a certificate of purchase and of ten cents for transferring
the tract on the books to the name of the purchaser.

CONSTITUTIONAL LAW—TAX SALE—MERITORIOUS DEFENSE.—That a
tax sale of land was for an excessive amount, however small the
excess may have been, constitutes a "meritorious defense," within
former decisions; and the act of March 31, 1883, (Sandels & Hill's
Digest, section 6625) in so far as it attempts to cut off such de-
fenses, is invalid. (Battle, J., and Boone, Sp. J., dissenting.)

RECORD OF TAX SALE—CONTRADICTING.—The record of sales of de-
linquent lands which the clerk is required by section 6612, Sandels
& Hill's Digest to make after the sale, and not the record of the
notice of sale which he is required by section 6606, ib., to make
before the sale, is the evidence which must control in determining
the amount and items for which each tract of land was sold ; and
this record, being required by law to be kept by the clerk, cannot
be contradicted by parol evidence.

Appeal from Ouachita Circuit Court in Chancery.

CHARLES W. SMITH, Judge.

STATEMENT BY THE COURT.

On the 12th of August, 1892, the appellant brought
this suit in equity against the appellees to set aside a
tax sale and cancel a tax deed of appellees to eight
tracts of land, sold in the year 1887 for the taxes of
1886. The complaint alleges that each of said tracts of
land was sold by the tax collector for certain amounts,
as costs, not due thereon—i. e., for twenty-five cents
due the clerk for a certificate of purchase, and ten cents
each for transferring each tract on the books to the
name of the purchaser—and contends that the record of
the sale shows that this was done. The answer denies

that these tracts were sold unlawfully, and avers that these amounts were not included in the amounts for which each tract was sold. The answer also sets up the statute of limitation.

The court found against the plea of limitation. But parol testimony was admitted by the court to show that the items named were not included in the amounts for which these lands were sold; allowing the clerk, who kept the record of the sale, and the sheriff, who, as collector, made the sale, to testify that they were not, over the objection of the appellant, to which he at the time excepted on the ground of incompetency.

The appellant contends that the record of the sale required by the statute to be kept by the clerk, to be made by him *after* the sale, is *the* evidence which must control in determining the amounts and items for which each tract was sold, and that this record, being required by law to be kept by the clerk, cannot be contradicted by parol evidence.

*H. King White, W. T. Wooldridge*, and *Rector & Collins*, for appellant.

1. The tax sale was void, because the amount for which the lands were sold included the twenty-five cents for certificate of purchase. 56 Ark. 93.

2. Parol testimony was not admissible to contradict the record required to be kept by law, or supply that which is required to appear of record. 34 Fed. 706 ; 51 Ark. 42; 55 *id.* 218 ; Wade on Notice, sec. 1120 ; 4 McLean, 138 ; 20 Vt. 49 ; 32 Wis. 394 ; 68 Me. 316 ; 37 Miss. 573 ; 8 Ohio, 114 ; Desty, Tax. 1894 ; Cooley, Tax. (2 ed.) 480.

3. Appellant is not barred. Meritorious defenses, fundamental and jurisdictional in their character, are not cut off by the statute. 46 Ark. 109 ; 49 *id.* 266 ; 55

Ark. 196 ; 13 Mich. 330; 11 Minn. 480 ; Cooley, Const. Lim. 449, note ; 21 Ark. 9 ; 32 *id.* 353 ; 55 Ark. 550-4.

*Gaughan & Sifford* and *Wells & Williamson,* for appellee.

1.   Parol evidence was admissible to show that the lands were sold only for the legal taxes, penalty and costs.   If a record shows more than the law requires it to show, it is mere surplusage, and parol evidence is admissible to explain and show it to be surplusage.   A tax deed or certificate of purchase is only *prima facie* evidence, capable of being disproved by competent evidence.   32 Ark. 131.   The record made by the clerk *after the sale* is not in fact a record of what amount of taxes, penalty and costs the land sold for, and does not purport to be and is not required to be so by law.   Mansf. Dig. sec. 5769.   It is only the record of the amount *due* after sale, and it correctly shows the twenty-five cents and ten cents as *due* in the column of costs.   *Ib.* secs. 5773, 5277, 5779.

2.   The appellant is barred.   Mansf. Dig. sec. 5791. Citing and reviewing :   32 Ark. 131 ; 46 *id.* 96 ; 55 *id* 192 ; 20 *id.* 508 ; *Ib.* 542 ; 21 *id.* 370 ; 53 *id.* 404.

HUGHES, J. (after stating the facts).   Section 5763 of Mansfield's Digest (now section 6606 of Sandels & Hill's Digest), provides, after prescribing the notice to be attached to the delinquent list of lands to be advertised for sale, that "the clerk of the county court shall record said list and notice in a book to be kept by him for the purpose, and shall certify at the foot of said record, stating in what newspaper said list was published," etc.   This section further requires that said list shall show the taxes, penalty and costs due upon each tract, and that it shall be stated in said notice that each tract, or so much thereof as will be necessary to

pay the same, will be sold for the taxes, penalty and costs due thereon, unless the same are paid before the day of sale.

Section 5769 of Mansfield's Digest (now section 6612 of Sandels & Hill's Digest) provides that " the clerk of the county court shall attend all such sales of delinquent lands, * * * made by the collector of the county, and shall make a record thereof in a substantial book, therein describing the several tracts of land * * * as the same shall be described in the advertisement aforesaid, stating what part of each tract of land * * * was sold, the amount of taxes, penalty and cost due thereon and to whom sold; and he shall record in a separate book, to be kept for that purpose, each tract of land * * sold to the state, together with the taxes, penalty and cost due thereon. Immediately after such sale, the clerk of the county court shall make out and certify to the auditor a copy of each of said sale lists as recorded in said book."

It is contended for the appellees that the record of the list and notice required to be kept by the section first named is the record of the sale to which we must look to determine the amount of the taxes, penalty and cost for which each tract of land was sold. But evidently this is not the case, as the record is required to be made *before* the sale, and therefore cannot be a record of what was done *at* the sale. It is only the record of the delinquent list, the notice of sale and the amount of taxes, penalty and cost, for which the collector proposes to sell each tract, unless the same are paid before the day of sale. It follows that the sales of these tracts were void, under the decision in *Goodrum* v. *Ayers*, 56 Ark. 93, where it is held that a sale for twenty-five cents too much was void. We are constrained by the record to find that these items of twenty-five cents and

*Tax sale void for excessive costs.*

ten cents were included in the amounts for which each
of these tracts was sold.

Constitu-
tionality of act
cutting off
meritorious
defenses to
tax title.      Does the act of March 31, 1883 (Sandels & Hill's
Digest, sec. 6625), cut off this defense. The section is
as follows: "Section 6625. In all controversies and
suits involving title to real property, claimed and held
under and by virtue of a deed executed substantially as
aforesaid by the clerk of the county court, the party
claiming title adverse to that conveyed by such deed
shall be required to prove, in order to defeat the said
title, either that the said real property was not subject
to taxation for the year (or years) named in the deed, or
that the taxes had been paid before the sale, that the
property had been redeemed from the sale according to
the provisions of this act, and that such redemption was
had or made for the use and benefit of persons having
the right of redemption, under the laws of this state;
or that there had been an entire omission to list or as-
sess the property, or to levy the taxes, or to give notice
of the sale, or to sell the property. But no person
shall be permitted to question the title acquired by a
deed of the clerk of the county court, without first
showing that he, or the person under whom he claims
title to the property, had title thereto at the time of. the
sale, or that title was obtained from the United States
or this state after the sale, and that all taxes due upon
the property have been paid by such person, or the
person under whom he claims title as aforesaid. *Pro-
vided*, In any case where a person had paid his taxes,
and, through mistake (or otherwise) by the collector, the
land upon which the taxes were paid was afterwards
sold, the deed of the clerk of the county court shall not
convey the title. *Provided, further*, In all cases where
the owner of lands sold for taxes shall resist the validity
of such tax title, such owner may prove fraud committed
by the officer selling said lands or in the purchaser, to

defeat the same, and, if fraud is so established, such sale and title shall be void."

Under the decisions of this court in *Cairo & Fulton R. Co.* v. *Parks*, 32 Ark. 131, and in *Radcliffe* v. *Scruggs*, 46 Ark. 96, a substantial "meritorious defense" against a claimant under a purchase at tax sale cannot be denied or cut off by the legislature.

In *Radcliffe* v. *Scruggs*, the court, by Mr. Justice Smith, said : "And by 'meritorious defense' we mean any act of omission of the revenue officers in violation of law and prejudicial to his (the former owner's) rights or interests, as well as the jurisdictional and fundamental defects which affect the power to levy the tax or sell for the non-payment. * * * * * Our legislature and previous decisions have always distinguished class of defects (mere irregularities or informalities) which have no tendency to injuriously affect the tax payer, and substantial defects, such as go to the jurisdiction of the levying court to levy a particular tax or of the power of the officer to sell for non-payment or the omission of any legal duty, which is calculated to prejudice the land owner."

Can it be doubted—in fact, is it not very clear—that to sell a land owner's land for an amount not due upon it, and never levied upon it, and which, if levied, was unlawfully levied, has a direct tendency to injuriously affect his interest, and the power of the officer to sell for non-payment ? It is obvious that the defenses against the tax sales in this case are "meritorious," as that term is defined in *Radcliffe* v. *Scruggs*, and by the weight of authority, and that the legislature cannot deprive the property owner of such defense without, in the language of Mr. Justice Smith, "transcending the boundaries of its power." This is substantially the language of Judge Caldwell, in *Martin* v. *Barbour*, 34 Fed. Reporter, 713, in which the court was considering

one of the provisions of this same statute, but not the exact question in this case.

The smallness of the amount of the excess over the amount due does not in a tax sale affect the question, as the maxim, *"De minimis non curat lex,"* does not apply to tax sales.

The provisions of the law made for the protection and benefit of the tax payer are mandatory.

Though the act copied herein was passed since *Cairo & Fulton R. Co.* v. *Parks* and *Radcliffe* v. *Scruggs* were decided, it in no wise affects or unsettles the principle settled in these cases—that it is beyond the power of the legislature to take away from the property owner a "meritorious defense" against a substantially defective tax sale, where the defect goes to the power of the court to levy the tax, or of the officer to sell for non-payment.

As said by Judge Cockrill in *Townsend* v. *Martin*, 55 Ark. 192, after reviewing our decisions upon the principles involved in this discussion, the doctrine of *"stare decisis"* should apply in this case: "It is more important (to use his language) that such questions should be finally settled than how settled."

Conclusive-
ness of record
of tax sale.

It was error to permit the clerk and tax collector to give oral testimony to contradict or vary the record of the sale made by the clerk after the sale. It could not be contradicted by parol testimony, being a record required by law to be kept by the clerk, and the evidence of what was done at the tax sale.

Decree reversed and cause remanded, with directions to enter decree quieting appellant's title as against these tax purchasers, with reservation of lien to tax purchasers for taxes, penalty and costs paid.

Bunn, C. J., being disqualified, did not participate in the trial of this cause.

BATTLE, J. (dissenting).   Section 6625 of Sandels & Hill's Digest is, in my opinion, a valid statute.   To support an opinion to the contrary, the court cites *Cairo & Fulton Railroad Co.* v. *Parks*, 32 Ark. 131 ; *Radcliffe* v. *Scruggs*, 46 Ark. 96 ; and *Townsend* v. *Martin*, 55 Ark. 192—holding that these cases establish the principle "that it is beyond the power of the legislature to take away from the property owner a 'meritorious defense' against a substantially defective tax sale, where the defect goes to the power of the court to levy the tax, or of the officer to sell for non-payment."

As to the doctrine maintained by the decisions of this court, the opinion in this case is clearly erroneous. The rule alleged to be settled in the cases cited cannot be deduced from them in any legitimate manner.

In *Branch* v. *Mitchell*, 24 Ark. 439, in an opinion prepared by Albert Pike, Esq., it is said : "The language of the courts is always to be understood by applying it to the facts of the case decided.   That which seems to be general and of universal application has, in reality, often a limited application ; and so the words of truth and the utterances of the law, undeniable in the case wherein they are spoken, become the parents of error and false doctrine.   That judges have often been too incautious in their language is true."

In *Marbury* v. *Madison*, 1 Cranch, 137, 174, Chief Justice Marshall said : "It is a maxim not to be disregarded that general expressions in every opinion are to be taken in connection with the case in which these expressions are used.   *If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented.*   The reason of this maxim is obvious.   The question actually before the court is investigated with care and considered in its full extent.   Other principles, which may serve to illustrate it, are considered in their relation to the case

decided, but their possible bearing on all other cases is
seldom completely investigated."

Courts are not vested with legislative powers. In
the adjudication of the rights of parties they can de-
clare the law only as applicable to the state of facts be-
fore them. Their duty is to determine the rights of the
parties in the case under consideration. To do that, they
ascertain the facts from the evidence adduced, and then
the law which controls the rights of the parties under
the facts so found, and render judgment accordingly.
When they have done this, their whole duty in the case
is discharged. What they say and do beyond this is
extra judicial. They are not supposed to make laws,
but to apply that already in force to the facts upon
which they render judgment.

The expressions of appellate courts with reference
to the validity of statutes should be read in the light of
the statutes passed upon. Judges are not supposed to
be gifted with the power to foresee all laws which future
legislatures might enact upon any particular subject, and
formulate a rule which would be a sufficient guide for
the determination of their constitutionality. Their duty
is to decide the questions presented in the case before
them, and no others. What they say on other questions
is without authority, and, for the reasons given in *Mar-
bury* v. *Madison*, *supra*, may be respected, but is not
and should not be controlling.

Guided by the rule we have stated, do the cases cited
in the opinion of the court contain any authoritative
declaration as to the constitutionality of statutes like
section 6625 ? In *Cairo & Fulton Railroad Co.* v. *Parks*,
the statute considered was as follows : "At any time
after the lapse of two years from the time of sale of any
tract or lot of land for taxes, if the same shall remain
unredeemed, the county clerk, or any of his successors
in office, on the production of the certificate of purchase,

shall execute and deliver to the purchaser, his heirs or assigns, a deed of conveyance for the tract or lot described in such certificate. In case the certificate of purchase has been assigned, the county clerk shall briefly recite that fact in the deed. The deed so made by the county clerk shall be acknowledged and recorded in the same manner that other deeds and conveyances of real estate are required to be acknowledged and recorded by the laws of this state, and shall vest in the grantee, his heirs and assigns, the title to the real estate therein described, and shall be received in all courts and places, where the title to the real estate thereby conveyed is involved, as *conclusive evidence that each and every act and thing required to be done by the provisions of this chapter had been complied with, and the party offering such deed in evidence shall not be required to produce the assessment, appraisement, notice of sale, nor any other matter or thing as evidence to sustain such conveyance and the title thereby acquired.* Provided, however, that the party controverting such deed and the title thereby conveyed, may, for the purpose of invalidating or defeating the same, show either one of the following facts only: First. That the land conveyed by such deed was not subject to taxation at the time of the assessment thereof, under which assessment such sale was made. Second. That the taxes due thereon had been paid according to law before the sale. Third. That such land had been duly redeemed according to law before the execution of such deed. Fourth. That such land was the property of a *feme covert*, an insane person, a minor, or a person in confinement, at the time the land was sold and the deed executed." Acts 1871, p. 107, sec. 125. The court held that so much of this statute was void as made the tax deed *conclusive* evidence, because, if valid, it would deprive the citizen of the right to protect his property by

showing that it had been illegally taken from him, and would deny to him the protection of the law. To avoid the force of this objection, the statute presented for consideration in this case was obviously enacted. It provides : "In all controversies and suits involving title to real property, claimed and held under and by virtue of a deed executed substantially as aforesaid by the clerk of the county court, the party claiming adverse to that conveyed by such deed *shall be required to prove*, in order to defeat the said title, either that the said real property was not subject to taxation for the year (or years) named in the deed, or that the taxes had been paid before the sale, that the property had been redeemed from the sale according to the provisions of this act, and that such redemption was had or made for the use and benefit of persons having the right of redemption, under the laws of this state; *or that there had been an entire omission to list or assess the property, or to levy the taxes, or to give notice of the sale, or to sell the property.*" Sand. & H. Dig. sec. 6625. In *Cairo & Fulton Railroad Co.* v. *Parks*, no statute like the last mentioned was considered. The questions presented in the two cases are different; and that presented in this was not considered or decided in the other case.

In *Radcliffe* v. *Scruggs*, *sup*. the statute considered was as follows: "All actions to test the validity of any proceeding in the appraisement, assessment or levying of taxes upon any land or lot, or part thereof, and all proceedings whereby is sought to be shown any irregularity of any officer, or defect or neglect thereof, having any duty to perform under the provisions of this chapter, in the assessment, appraisement, levying of taxes, or in the sale of land or lots delinquent for taxes, or proceedings whereby it is sought to avoid any sale under the provisions of this chapter, for irregularity or neglect of any kind, by any officer having any duty or thing to

perform under the provisions of this chapter, shall be commenced within two years from date of sale, and not afterwards." Act April 8, 1869, sec. 138. This statute did not undertake to make any requirement of the statutes directory or immaterial, or to limit the defense against a tax sale, but simply to prescribe the time in which certain actions should be brought. It is unlike the one under consideration. The court held that its effect, if the actions were not brought within the prescribed time, was to cut off all except meritorious defenses.

*Townsend* v. *Martin, supra,* was an action of ejectment based on a commissioner's deed to land forfeited to the state on account of the non-payment of taxes. It was held that section 6625 of Sandels & Hill's Digest, " which provides in substance that one who attacks a tax title claimed under a county clerk's deed shall not be allowed to prove any defect in the tax proceeding not mentioned in that section, is limited in its operation to deeds made by the clerk, and does not embrace deeds made by the commissioner of state lands." As it does not relate to commissioner's deeds, no question as to its constitutionality arose in the case, and what was said upon that subject was clearly uncalled for and extrajudicial. A better illustration of an *obiter dictum* could hardly be found. I so considered it at the time the opinion in the case was delivered, and for that reason filed no dissent.

After this review of cases, I think I can truthfully say that this court has never, by any decision binding upon it, held section 6625, or any other statute to the same effect, to be void. Is it constitutional?

Four things are essential to the exercise of the taxing power. They are, first, the listing and assessing of the property ; second, the levying of the tax upon the property, according to its value, a rate not exceeding

the limits fixed by the constitution; third, a power or authority conferred upon the collector to sell the property for the payment of the taxes levied upon it; and, fourth, the sale of the property by the collector under the power. The listing is necessary in order to describe and identify the property; the assessing, in order to ascertain its value; the levy, in order to fix the proportion or rate of the tax; the power or authority, in order to authorize some person to receive the taxes and to sell in default of payment; and the sale, in order to contract the property to one who will pay the taxes due upon it. As said in *McCready* v. *Sexton*, 29 Iowa, 356: "The legislature may prescribe the time or manner in which these essential and jurisdictional acts shall be done, but it cannot, either constitutionally or in the nature of things, provide for passing the title to the property for the non-payment of taxes without them. As to the time or manner in which they shall be done, the discretion of the legislature is absolute and supreme, and cannot be judicially controlled or interfered with. Having the right to prescribe the manner, it may also rightfully provide that a failure to comply with its directions as to the manner shall not defeat the end; or that no person shall question the legality of the manner. \* \* \* In other words, the legislature, being supreme, may prescribe the time and manner of doing the act, and may make that, or any other \* \* \* manner which the persons doing it may adopt, legal and sufficient." *Allen* v. *Armstrong*, 16 Iowa, 508; *Parker* v. *Sexton*, 29 Iowa, 421; *Smith* v. *Cleveland*, 17 Wis. 563; *People* v. *Seymour*, 16 Cal. 332; *Gwynne* v. *Neiswanger*, 18 Ohio, 400; *Callanan* v. *Hurley*, 93 U. S. 387; *DeTreville* v. *Smalls*, 98 U. S. 517; *Keeley* v. *Sanders*, 99 U. S. 441; *Sherry* v. *McKinley*, *id.* 497; *Williams* v. *Supervisors of Albany*, 122 U. S. 154;

*Thompson* v. *Brackenridge*, 14 S. & R. 346 ; *Virden* v. *Bowers*, 55 Miss. 1, 18 ; *Abbott* v. *Lindenbower*, 42 Mo. 163 ; *Hurley* v. *Woodruff*, 30 Iowa, 260 ; *Powers* v. *Fuller*, *id.* 476 ; *Bulkley* v. *Callanan*, 32 Iowa, 461 ; *Huey* v. *Van Wie*, 23 Wis. 618.

The opinion of the court in this case as to the validity of section 6625 is based upon the assumption that it is beyond the power of the legislature to take from the owner of property a "meritorious defense" against a defective tax sale. But this statute does not deprive the owner of a meritorious defense, when it denies to him the right to set up defects or irregularities as a defense against a tax sale. Having the right to prescribe the manner in which acts essential to the exercise of the taxing power shall be done, the legislature had the right to make any manner adopted by the officers legal and sufficient. It did so, to some extent, by the enactment of the statute before us. After the execution of the tax deed in substantial compliance with the law, all omissions to follow the manner prescribed by the statute became immaterial—the statute prescribing the manner became directory. Hence the legislature did not take from the owner of the property sold any meritorious defense he had by reason of the noncompliance with the statutes prescribing the manner of the tax proceedings; for he had none after the execution of the tax deed.

The statute before us made a listing and assessing, the levy of taxes, a notice of the sale, and a sale necessary to vest a valid tax title. The power to receive taxes and sell was necessarily implied, for there could be no sale without it. Requiring these essential acts to be done in order to vest a valid title, the statute, there being no objection to it in other respects, is constitutional.

In this case, it seems, there were a listing and assessing, a levy of taxes, the power to sell, the taxes

being unpaid, a notice of sale, and a sale. The only alleged defect is, the land was sold for thirty-five cents more costs than was due on it. Under the statute the tax deed conveyed a good title to the land. The former owner was entitled to the thirty-five cents for excessive costs collected.

The decree of the circuit court should, in my opinion, be affirmed.

T. W. M. Boone, Special Judge, concurs with me in this opinion.