Cowling v. Muldrow.

Opinion delivered October 10, 1903.

Tax—Sale—Excessive Amount—De Minimis.—While a tax sale of
land for an amount substantially in excess of the amount due on it
renders the sale void, a sale for $4.29, when the exact amount due
was $4.28¾, is not void.

Appeal from Hempstead Circuit Court in Chancery.

Joel D. Conway, Judge.

Reversed.

STATEMENT BY THE COURT.

Ada Cowling, the appellant, brought this suit in ejectment
against Joe Muldrow to recover possession of the northeast quarter
of section 11, township 11 south, range 26 west, under a tax deed
made June 11, 1900, by the county clerk of Hempstead county, on
a sale made on the 13th day of June, 1898, for taxes of 1897.

The answer denied that plaintiff owned the land, and denied
that appellee was in unlawful possession; alleges that the tax deed
is void, because the land was sold for more than was legally due
and collectible for taxes. The case was submitted upon the fol-
lowing agreed statement of facts, to-wit (and was determined in
favor of appellant, to which appellee excepted, moved for a new
trial, which being overruled, she appealed to this court) :

AGREED STATEMENT OF FACTS.

"It is agreed between the plaintiff and defendants that the
land in controversy, to-wit, the northwest quarter of the northeast
quarter, section 11, township 11 south, range 26 west, was assessed
for taxation for the year 1897 at the sum of two hundred dollars;
that the taxes for said year were not paid by any one, and that on
the 13th day of June, 1898, the collector of Hempstead county,
Arkansas, sold said tract of land for non-payment of said taxes
and the penalty and costs; that L. E. Cowling was the purchaser of
said tract at said sale, and that afterwards he truansferred his

certificate of purchase to the plaintiff, Ada Cowling, and that on the 19th day of June, 1900, C. H. Goodlett, county clerk of Hempstead county, executed to the plaintiff a tax deed to said land, which deed is filed as Exhibit A to the complaint to this cause. It is further agreed that the rate of taxation in Hempstead county for the year 1897 was 14¾ mills on the dollar for all purposes; that the amount of taxes, penalty and costs for which said land was sold, was four and 29-100 dollars, and that the true amount due against said land for taxes, penalty and costs, with which it was legally chargeable, and for which it should have been sold, was four dollars and twenty-eight cents and three quarters ($4.28¾). It is further agreed that the defendant, Edward Austin, purchased said land and received a deed therefor on the 26th day of November, 1898, from the Southern Agency & Investment Company, which deed is attached to the answer and marked "Exhibit A"; that at the time this land was sold for taxes it was owned by the Southern Agency & Investment Company. And it is agreed that the exhibits to the complaint and answer shall be read in evidence in connection with this agreed statement. It is further agreed that the law relative to tender of taxes, penalty, costs and interest has been complied with by defendant."

*D. B. Sain* and *W. V. Tomkins,* for appellant.

A sale for one-quarter of a cent too much tax will not avoid a tax sale. 56 Ark. 93; 61 Ark. 36; 29 Ark. 489; 35 Me. 90; 12 Kan. 32; 32 Me. 119; 62 N. Y. 553; 25 Cal. 287; 34 Kans. 226; 32 Kan. 580; 28 Kan. 766; 11 S. W. 344.

*Jas. H. McCollum,* for appellee.

Officers in making tax sales can not go beyond the authority of the law. 57 Ark. 195; 60 Ark. 215; 55 Ark. 30, 218; 58 Am. St. Rep. 224; 72 Am. St. Rep. 594; 74 Am. St. Rep. 462; 141 U. S. 344. The statute authorizes the sale for the exact sum only. Sand. & H. Dig. §§ 6606, 6607. It is immaterial how small the sum may be. Blackwell, Tax Tit. (2d ed.), §§ 230, 233; 127 U. S. 326; 33 N. W. 815.

HUGHES, J., (after stating the facts). The only question presented in this case is, does a sale of land for one quarter of a cent more taxes than is due upon it render the sale void? It is undoubtedly true that a sale of land for taxes for an amount sub-

stantially in excess of the amount due upon it will render the sale void. That a strict compliance with the law governing the sale of land for taxes is required in this state, the following decisions of this court fully attest: *Crowell* v. *Barham,* 57 Ark. 195; *Richards* v. *Howell,* 60 Ark. 215; *Gregory* v. *Bartlett,* 55 Ark. 30; *Martin* v. *Allard,* 55 Ark. 218.

Our statute seems to require that no more than the sum actually due shall be the amount for which a sale of land for taxes may be made. Sandels & Hill's Digest, §§ 6606, 6607. In *Cooper* v. *Freeman Lumber Co.* this court said: "The smallness of the amount of the excess over the amount due does not in a tax sale affect the question, as the maxim *'De minimis non curat lex'* does not apply to tax sales." 61 Ark. 36. This is the general rule. The excess over the amount due in *Cooper* v. *Freeman Lumber Co.* was 35 cents; in *Goodrum* v. *Ayers,* 56 Ark. 93, 25 cents, and in *Pack* v. *Crawford,* 29 Ark. 489, there was an overcharge of 25 per cent. These cases were reversed for the overcharge of taxes for which the sales were made. But in the case at bar the overcharge was not substantial—only one-quarter of a cent, an amount less than the least coin issued by the government.

To require the tax sale for just 28¾ cents, and hold it void for having been made for 29 cents, being ¼ cent too much, would seem to be absurd. There would be no way of making the exact change, and it seems more reasonable that the party whose duty it was to pay the tax should pay ¼ cent too much than that the government should be required to lose ¾ of a cent. "Fractions which can not be expressed in legal money of the country have been regarded as trifles." *Glidden* v. *Chase,* 35 Me. 90. The excess in the case at bar was but nominal, trifling. It did not equal the smallest fractional coin authorized by law, and we think does not avoid the sale. *Treadwell* v. *Patterson,* 51 Cal. 638. The law is reasonable, and does not require an absurd or impossible thing.

Reversed and remanded, with instructions to render judgment for purchaser.