KINNEY *v*. DUGGAN.

4-5682 133 S. W. 2d 878

Opinion delivered December 4, 1939.

*Kenneth C. Coffelt* and *Wm. J. Kirby,* for appellant.
*Ernest Briner,* for appellee.

McHANEY, J. By this appeal, appellant questions the correctness of a decree of the trial court, dismissing her complaint for want of equity which sought to cancel as a cloud on her title to lot 7, block 5, Central Addition to the city of Benton, Arkansas, a tax forfeiture and sale of said property to the State and a deed from the State to appellee, and in quieting title in the latter.

Two grounds of invalidity of the forfeiture and sale to the state are relied on, neither of which is tenable. One is that the county clerk failed to extend on the tax books in dollars and cents separately the tax due the state, the county, the city, and the school district, but extended only the total of all taxes due in the sum of $14.94½. This was ruled adversely to appellant in *Lambert* v. *Reeves,* 194 Ark. 1109, 110 S. W. 2d 503, 12 S. W. 33. The other ground is that the total tax being $14.94½ the taxpayer could not pay the exact amount as we have no coin the equivalent of one-half cent; that the collector could not be required to accept less; nor could the taxpayer be required to pay more than the exact amount. Aside from the fact that appellant made no tender to the collector of any amount, it is apparent that one-half cent, either more or less, is *de minimis* under the maxim *"de*

■■■■■■■■■■■■■■

*minimis non curat lex.*" In *Cowling* v. *Muldrow,* 71 Ark. 488, 76 S. W. 424, the tax levied was 28¾ cents. It was sold for 29 cents. This court said the excess "was but nominal, trifling," and refused to hold the sale void. So, here, the one-half cent is nominal.

Affirmed.