**COHN v. LITTLE et al.**
**Civ. No. 968.**

United States District Court
W.D. Arkansas, Fort Smith Division.
Jan. 4, 1952.

U. A. Gentry, Little Rock, Ark., L. H. Chastain, Fort Smith, Ark., for plaintiff.

A. A. McCormick, Fort Smith, Ark., for defendants.

JOHN E. MILLER, District Judge.

The facts have been stipulated by the parties and are summarized as follows:

The plaintiff is a citizen and resident of the State of New York. The defendants are citizens and residents of the State of Arkansas. The value of the property involved herein is more than $3,000.00, exclusive of interest and costs.

The property involved, Lot 7 in Block F, Fitzgerald Addition to the City of Fort Smith, Arkansas, was sold to the State of Arkansas for the non-payment of taxes for the year 1942 and was purchased by the plaintiff from the State of Arkansas on January 3, 1946.

At the time of the forfeiture of the property for the non-payment of taxes, the defendant, Ruth Spear Little, was the owner and in actual possession of the property and has been in possession at all times since she became the owner on June 19, 1926.

The sale to the State of Arkansas for non-payment of taxes was duly confirmed by the Sebastian Chancery Court on December 11, 1946.

Among the other taxes levied on the property was a tax of fifteen hundredths mills for fire fighting equipment. At the time this levy was made, the rate of taxation for that purpose was fourteen hundredths mills, but the Quorum Court of Sebastian County erroneously levied fifteen hundredths mills and the County Clerk in extending the taxes followed the levy made by the Quorum Court and levied fifteen hundredths mills.

The real estate tax record prepared by the County Clerk did not have attached thereto the Clerk's Warrant authorizing the County Tax Collector to collect the general taxes therein contained for the year 1942.

The property involved herein was sold en masse at the tax sale along with other property.

The assessed value of the property for tax purposes. was $700.00.

The plaintiff duly paid the lawful purchase price for the property when he purchased it from the State of Arkansas and that amount, together with subsequent taxes paid by him with interest at 6%, amounted to $266.85 on November 1, 1951.

The plaintiff is seeking to recover possession of the property.

The defendants deny that the plaintiff is entitled to the possession of the property or that he is the owner thereof by reason of his purchase from the State of Arkansas and, in their answer, allege that the tax sale to the State of Arkansas was void on the grounds (1) that the warrant of the County Clerk was not attached to the tax books at the time they were delivered to the Collector for the collection of taxes, (2) that the property was sold en masse at the tax sale by the Collector, and (3) the levy of the taxes was illegal because of the excessive rate.

The respective attorneys have filed excellent briefs in support of their contentions and, with commendable frankness, the plaintiff admits that the failure of the County Clerk to attach his warrant to the tax books delivered to the Collector invalidates the sale and also admits that the sale of the property en masse was a defect or irregularity as would render the sale voidable. But the plaintiff contends that, since the sale was duly confirmed by the Sebastian Chancery Court on December 11, 1946, these defects in the sale were cured for the reason that they were not such defects or irregularities as go to the power of the State to sell and, therefore, not being defects or irregularities going to the power of the State to sell, they were cured by the confirmation decree.

The defendants contend that the State did not have the power to sell because of the illegal assessment of fifteen hundredths mills for fire fighting equipment instead of the legally authorized rate of fourteen hundredths mills.

In reply to this contention, the plaintiff's attorneys state: "We concede that the inclusion of an illegal tax defeats the power to sell and that such defect is not cured by a confirmation decree, but we do not concede that there was an excessive levy or an excessive amount included in the tax sale in the legal sense."

Thus, the plaintiff contends that, even though the levy was for fifteen hundredths mills when the levy could only have been fourteen hundredths mills legally, the difference in the amount of the tax levied is nominal and trifling and, therefore, the sale was not void. However, the defendants contend that, even though the difference between the tax that could legally have been levied and the tax that was levied is nominal, yet, the levy was illegal and destroyed the power of the State to sell and that, since the power to sell did not exist, the confirmation decree does not validate the sale and that the sale should be declared void and the deed to the plaintiff from the State of Arkansas canceled.

The excessive levy is in fact small and trifling, but the court, in Cooper v. Freeman Lumber Company, 61 Ark. 36–42, 31 S.W. 981, 983, 32 S.W. 494, said: "The smallness of the amount of the excess over the amount due does not, in a tax sale, affect the question, as the maxim, 'De minimis non curat lex,' does not apply to tax sales. The provisions of the law made for the protection and benefit of the taxpayer are mandatory."

The Supreme Court of Arkansas has repeatedly followed this rule, see Lumsden v. Erstine, 205 Ark. 1004, 172 S.W.2d 409, 147 A.L.R. 1132.

The plaintiff, in support of his contention, relies upon the case of Kinney v. Duggan, 199 Ark. 396, 133 S.W.2d 878, in which the court said: "The other ground is that the total tax being $14.94½ the taxpayer could not pay the exact amount as we have no coin the equivalent of one-half cent; that the collector could not be required to accept less; nor could the taxpayer be required to pay more than the exact amount. Aside from the fact that appellant made no tender to the collector of any amount, it is apparent that one-half cent, either more or less, is de minimis, under the maxim 'de minimis non curat lex'.

In Cowling v. Muldrow, 71 Ark. 488, 76 S.W. 424, the tax levied was 28¾ cents. It was sold for 29 cents. This court said the excess 'was but nominal, trifling', and refused to hold the sale void. So, here, the one-half cent is nominal."

It should be noted that there was in fact no excessive levy or excessive charge in the case relied upon by the plaintiff. It was simply a question of paying the amount of tax that was legally due and those facts did not call for the application of the maxim, de minimus. In other words, the taxpayer was required to pay his taxes in the coin of the nation and the Collector certainly had the right to insist upon the payment of the full amount, even though the coinage of our nation did not afford a means for the taxpayer to pay the exact amount, and this necessitated the overpayment in one case of one-half of a cent and in the other case of one-fourth of a cent.

In the case at bar, the question is whether the illegal and excessive levy vitiated the sale and destroyed the power to sell for nonpayment of taxes. In Lumsden v. Erstine, supra, the court, 205 Ark. at page 1007, 172 S.W.2d at page 410, said, "The 'Power to Sell' presupposes a valid statute, and a valid procedure thereunder."

At page 1008 of 205 Ark., at page 411 of 172 S.W.2d the court further said: "A void tax defeats the power to sell; and if any part of the tax is illegal then the entire Power to Sell is defeated."

At page 1009 of 205 Ark., at page 411 of 172 S.W.2d the court, in quoting from Black on Tax Titles, Second Edition, Section 230, said: " 'One of the most important principles announced by the authorities under the general rule above stated is this: If land is sold for taxes, a part of which are legal and a part illegal, the sale is void in toto. Thus it is said: "Whenever a tax is invalid because of excess of authority or because the requisites in tax proceedings which the law has provided for the protection of the tax payer are not complied with, any sale of the property based upon it will be void also. * * * And if property is sold for the satisfaction of several taxes anyone of which is unauthorized, or for any reason illegal, the sale

is altogether void." Cooley's Constitutional Limitations, 521. * * * It is also to be observed that it is entirely immaterial how small may be the illegal element that enters into the demand.' "

In Plant v. Johnson, 208 Ark. 217, 185 S.W.2d 711, 712, the court said: "(b) A Void Tax Defeats the Power to Sell. In Lumsden v. Erstine, 205 Ark. 1004, 172 S.W.2d 409, 411, 147 A.L.R. 1132, we said 'this court has held that the inclusion of an illegal tax defeats the Power to Sell, and confirmation proceedings *cannot* cure the defect. Some such cases are: Fuller v. Wilkinson, 198 Ark. 102, 128 S.W.2d 251; Smart v. Alexander, 201 Ark. 211, 144 S.W.2d 25; Sherrill v. Faulkner, 200 Ark. 1006, 142 S.W.2d 229.' "

In McCulloch v. Maryland, 4 Wheat. 316, 17 U.S. 316, 429, 4 L.Ed. 579, Chief Justice Marshall stated, "that the power to tax involves the power to destroy." This principle is pertinent when there is no power to tax or when the amount of the levy is not authorized. The right to extend a tax levy is dependent upon the authority to extend the specific tax at the legal and authorized rate. Any other rule would permit the collection of excessive taxes when the entire property of a taxing unit is considered even though the amount collected on a particular piece of property might be nominal and even below the value of the lowest coin issued by the Government.

The property was sold for an illegal tax and, notwithstanding the actual difference between the amount of the legal tax that could have been levied and the amount that was actually levied is small, the power to sell was destroyed and, since the State did not have the power to sell, the sale was void and the irregularity and defect was not cured by the confirmation decree.

Therefore, a decree should be entered canceling the deed issued to the plaintiff under date of January 3, 1946, and now of record in Deed Record 79 at Page 588 of the Deed Records of Sebastian County, Arkansas, insofar as it pertains to Lot 7 in Block F, Fitzgerald Addition to the City of Fort Smith, Arkansas, and decreeing a

lien against the said Lot in favor of the plaintiff for the sum of $266.85, with interest thereon at 6 per cent per annum from November 1, 1951, and that the costs of this action shall be paid by defendants.