## COHN v. LITTLE et al.
### No. 14556.

United States Court of Appeals
Eighth Circuit.
Sept. 25, 1952.

U. A. Gentry, Little Rock, Ark. (L. H. Chastain, Fort Smith, Ark., on the brief), for appellant.

A. A. McCormick, Fort Smith, Ark., for appellees.

Before SANBORN, RIDDICK and COLLET, Circuit Judges.

COLLET, Circuit Judge.

Appellant purchased a city lot in the city of Fort Smith, Arkansas, from the State of Arkansas on January 3, 1946. The lot had previously been sold in 1942 to the State for the non payment of $5.11 taxes. Appellee Little[1] was the owner of the lot at the time of the tax sale in 1942 and was then and is now in possession. Appellant brought this action to recover possession of the property, basing his title thereto on his deed from the State. Appellee answered that there had been an accord and satisfaction between the parties, appellant agreeing to deliver a quitclaim deed to appellee upon the payment of the taxes, penalty and 10% interest on the amount paid by appellant, and appellee agreeing to do so. But that when she tendered that amount appellant refused to accept it and make the deed. As a counterclaim appellee pleaded her own title; alleged the invalidity of appellant's title on the ground that the tax sale to the State in 1942 was invalid on grounds hereafter noted; alleged that she tried several times to pay the taxes and was informed by the Collector that her taxes had been paid; that she was entitled to redeem from the erroneous and wrongful sale to the State; that she was entitled to the cancellation of the deed from the State to appellant; and tendered to appellant the total sum paid by him for the purchase of the lot, whatever that amount was ascertained to be. Upon those allegations she prayed that the State's deed to appellant be cancelled and the cloud cast upon her title by that deed be removed and her title quieted.

The facts were all stipulated. As alleged in the complaint and answer it was stipulated that appellant was a resident and citizen of New York, appellee a resident of Arkansas and that the value of the property was in excess of $3000.00.

Three defects were alleged in appellant's title, all based on the tax sale to the State in 1942.

1. That the real estate tax record did not have attached thereto the County Clerk's warrant authorizing the County Tax Collector to collect the general taxes thereon extended for the year 1942, as required by law.

2. That the lot in question was sold en masse with other property.

3. That there was only legally levied 14/100 mills for Fire Department Bonds, but that the tax as extended, and for which the property was sold, contained a levy of 15/100 mills for that purpose.

It was stipulated that the city of Fort Smith passed an Ordinance on August 14, 1931, levying a tax for 1942 (and 1943) of 14/100 mills for the payment of Fire Department bonds. That the Quorum Court of the Fort Smith District, Sebastian County, Arkansas, levied 15/100 mills against this and other property in the District instead of 14/100 mills, and that the County Clerk extended the tax of 15/100 mills. It was stipulated that the real estate tax record prepared by the County Clerk showing all taxes levied and extended against property in the Fort Smith District, required by law to be made by the Clerk and delivered to the Sheriff, did not have attached thereto the County Clerk's warrant authorizing the County Tax Collector to collect the general taxes thereon extended for the year 1942. It was further stipulated that at the sale of the lot in question for the taxes of 1942 the lot was sold en masse with other property sold at the time. It was stipulated that the assessed valuation

---

1. The other appellees named in the complaint were merely formal parties and need not be further referred to.

of the property for the year 1942 was $700.00. The tax for that year would therefore have been $5.10 and 3 mills ($5.-103) calculated at the rate of 14/100 mills (levied by the Ordinance), and $5.11 calculated at the rate of 15/100 mills, which was the rate levied by the Quorum Court, extended by the County Clerk and constituted the basis for the 1942 tax sale to the State. It was further stipulated that the sale for taxes to the State was confirmed by the Sebastian Chancery Court on December 11, 1946, and that the amount paid by appellant to the State for the property, the subsequent taxes by him paid on the property, and interest thereon to November 1, 1951, amounted to $386.28.

Appellant conceded at the trial and now concedes that the failure of the County Clerk to attach the warrant to the tax books prior to the delivery to the Collector for the collection of taxes, and the sale of the property by the Collector *en masse*, both relied upon by appellee as rendering the tax deed void, were irregularities rendering the sale voidable, but contends that they were cured by the confirmation decree rendered by the Sebastian Chancery Court. Appellant also concedes that the inclusion of the excess 1/100 of a mill in the tax rate levied by the Quorum Court would defeat the power to sell and that such defect would not be cured by the confirmation decree if the amount of the excess had been such that it could have been reckoned in the coinage of the nation, but asserts that since the difference was only 3 mills and could not have been exactly paid in our money, under authority of Cowling v. Muldrow, 71 Ark. 488, 76 S.W. 424, and Kinney v. Duggan, 199 Ark. 396, 133 S.W.2d 878, the illegal assessment of 1/100 mill should be disregarded under the maxim de minimis non curat lex. Appellant recognizes the fact that the Arkansas courts have held that this maxim will not ordinarily be applied in tax cases. But he directs us to cases wherein the Arkansas courts have applied the maxim in tax cases when the amount was less than one cent. He contends that the later cases should demonstrate that the rule will be applied in Arkansas if the amount involved is less than one cent and

will not be if the amount is one cent or more.

The trial court held the tax sale of 1942 to the state void upon the ground that the Arkansas Supreme Court has expressly directed that the maxim de minimis non curat lex should not be applied in determining the power to sell and if that power was absent the sale was void. Cooper v. Freeman Lbr. Co., 61 Ark. 36, 31 S.W. 981, 32 S.W. 494; Lumsden v. Erstine, 205 Ark. 1004, 172 S.W.2d 409, 147 A.L.R 1132; Plant v. Johnson, 208 Ark. 217, 185 S.W.2d 711. The court ordered the deed to the state cancelled, but that appellant have a lien against the property for the sum of $386.28 with interest thereon at 6% per annum from November 1, 1951, and the costs of the action, which were taxed against appellee.

If the above stated conclusions of the trial court that the Supreme Court of Arkansas has directed that the maxim de minimis non curat lex shall not be resorted to, utilized or applied to the end that the power to sell will be held to exist when it could not, absent the application of the maxim, and that the Arkansas courts have further held that such an absence of the power to sell property for taxes in Arkansas cannot be cured by a subsequent confirmation decree, are correct, the law of the state should and must be given effect, and the judgment affirmed. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

The Arkansas Supreme Court said in Lumsden v. Erstine, 172 S.W.2d 409, 410:

"The 'Power to Sell' presupposes a valid statute, and a valid procedure thereunder. * * * (L.c. 411) From these authorities, it may reasonably be said that the 'Power to Sell' requires the concurrent existence of certain essentials, such as (a) a valid law; (b) a lawful tax; (c) legally assessed and levied; (d) on land liable to tax; and (e) the owner fairly in default. * * * It is also to be observed that it is entirely immaterial how small may be the illegal element that enters into the demand. * * * (L.c. 412) 'The smallness of the amount of the excess over

the amount due does not, in a tax sale, affect the question, as the maxim, "de minimis non curat lex", does not apply to tax sales. The provisions of the law made for the protection and benefit of the taxpayer are mandatory.'

\*    \*    \*    \*    \*    \*

"But it has been contended that even if the power to sell was defeated by reason of the excessive charge in the tax sale of 1930, still the confirmation proceedings in 1936 cured the sale of any such defect. We revert to the language of Faulkner v. Binns, Trustee, [202 Ark. 457, 151 S.W.2d 101] and Fuller v. Wilkinson [198 Ark. 102, 128 S.W.2d 251] to show that the confirmation can cure all defects except those that relate to the power to sell. The power to sell is defeated by the excessive charge; so the confirmation proceedings could not cure the defect of excessive charge, because the excessive charge defeated the power to sell."

While there was a dissent in the Lumsden-Erstine case, the Supreme Court of Arkansas has since followed the same rule. Plant v. Johnson, 208 Ark. 217, 185 S.W. 2d 711. We accept it as the law of Arkansas.

But appellant contends that since the Arkansas Supreme Court did apply the de minimis rule in tax cases in the cases of Cowling v. Muldrow, 71 Ark. 488, 76 S.W.2d 424, and Kinney v. Duggan, 199 Ark. 396, 133 S.W.2d 878, wherein excessive amounts of one-quarter of one cent and one-half of one cent, respectively, were involved, an exception exists as to the general rule heretofore quoted (that the maxim will not be applied in tax cases), and that under that exception in *any* case involving an excessive amount of less than one cent the maxim should be applied.

Reference to the Cowling-Muldrow and Kinney-Duggan cases discloses that the maxim was applied in those instances, where the application of a legal levy resulted in a total legal tax including a fraction of one cent, upon grounds of necessity, since there was no way to pay a fraction of a cent in our money. But recognizing this exception, we do not see any persuasive logic in assuming that the maxim should be applied to a situation such as is now involved, in the face of and in conflict with the express holding of the Arkansas courts that the power to sell is lacking when any portion of the tax was unlawful, illegally assessed, or illegally levied. Although in this case the application of the illegal assessment and levy to the assessed valuation of the property here involved resulted in the total amount of the tax charged being only 7 mills more than it would have been had the lawful levy been applied to the assessment of $700.00, yet undoubtedly there were many, many more tracts of land in the tax district to which the illegal levy applied. We think it would be illogical to say that as to tracts having an assessment of less than one thousand dollars the "power to sell" existed, but that if the assessed value of the property was as much as one thousand dollars or more, there was no such power.

We are asked to say in effect that since the Arkansas Supreme Court has not passed upon the precise question of whether the exception will be extended to encompass a situation such as that now involved, we should hold that that court will do so, and adopt such prophecy as the law of this case, and, a fortiori, the law of Arkansas. We do not feel free or inclined to do so, especially in view of the contrary conclusion reached by the trial court, versed as he is in the law of his own state. See Buder v. Becker, 8 Cir., 185 F.2d 311, 315, and cases cited.

We are of the opinion that the trial court correctly interpreted and applied the law of Arkansas. The judgment should be and is affirmed.