WALSH *v.* VEAZY.

5-596 276 S. W. 2d 71

Opinion delivered March 14, 1955.

*Gerland P. Patten* and *Tilgham E. Dixon*, for appellant.

*H. B. Stubblefield*, for appellee.

ED. F. McFADDIN, Justice. This suit challenges the validity of a tax sale. Appellant is the tax title holder and appellees are the original property owners.

Appellees failed to pay the 1950 taxes on their home in Pulaski County. The taxes amounted to $21.10, and

this property was sold to the State for the delinquent tax of $21.12: thus there was an overcharge of 2¢. Appellant holds title from the State. Appellees brought this suit, tendering the tax, interest, penalty and costs, and praying that their title be quieted. They allege that the 2¢ overcharge made the sale void. The Chancery Court granted the prayed relief, and appellant brings this appeal.

In *Lumsden* v. *Erstine*, 205 Ark. 1004, 172 S. W. 2d 409, 147 A. L. R. 1132, we held that a tax sale, for 5¢ more than the correct amount, was void, saying:

"Some may say that the five cents excess in the case at bar is too small to upset a tax sale; but this court has held otherwise. In *Cooper* v. *Freeman Lbr. Co.*, 61 Ark. 36, 31 S. W. 981, 32 S. W. 494, this court, speaking through Justice HUGHES, said: 'The smallness of the amount of the excess over the amount due does not, in a tax sale, affect the question, as the maxim, *"de minimis non curat lex,"* does not apply to tax sales. The provisions of the law made for the protection and benefit of the taxpayer are mandatory.'

"And in § 233 of Black on Tax Titles cases from many jurisdictions are cited to show that the smallness of the excess cannot make legal the void sale. If the excess is as much as one cent, then the power to sell is vitiated. In the case at bar it was stipulated that the excess was five cents. If a citizen's property can be taken from him by the sovereign for an excess of five cents, then by the same token it can be taken from him for an excess of five million dollars. If a citizen's rights and property are to be safe, then they must be kept safe against little exactions as well as against large encroachments. The constant drip of water will wear away the largest stone; and if the sovereign by constant inroads in small things is allowed to take the citizen's property, then the rights of private ownership are gone to the realm of Limbo. Courts are to protect the rights of citizens—that is one of the reasons for the existence of judicial tribunals."

Here the excess was 2¢ but, as stated in the above quotation, "If the excess is as much as one cent, then the power to sell is vitiated."[1]

To explain the overcharge, the appellant states that under the authority of Act 207 of 1947 (as found in § 84-814, *et seq.*, Ark. Stats.), Pulaski County had purchased and installed the "unit tax ledger system of keeping tax records and billing and collecting taxes." The right to pay taxes in installments is provided by § 84-913, Ark. Stats.; and it was in figuring the installments that the machine made the overcharge of 2¢. The appellant explains that this mechanical posting machine does not carry fractional cents in its calculation. Here is the appellant's explanation:

"The machine operates by taking the tax rate, multiplies it by the valuation, divides the total tax thus computed by four in order to ascertain the first installment, then same for the second installment, then adds the two to arrive at the third installment. The machine cannot put down a fraction of a cent, thus it either picks up or drops a fraction of a cent where the total tax is not divisible by four. In the case at bar the machine picked up one-half a cent on each of the first two installments because of $21.10 is not divisible by four, and added the two installments to make the third installment thus picking up two cents. The property involved herein was sold for $21.12 instead of $21.10 due to the use of this machine."

The appellant explains *how* the 2¢ overcharge came about, but the explanation does not explain *why* such overcharge could possibly be legal. A tax overcharge is not legal. When once it is conceded that the sale was for an excess of as much as 1¢, then the power to sell has been destroyed. Just as the sovereign would be justified in refusing to accept from the citizen one cent

---

[1] We have held that a fractional cent is not fatal. Some such cases are *Cowling* v. *Muldrow*, 71 Ark. 488, 76 S. W. 424; and *Kenney* v. *Duggan*, 199 Ark. 396, 133 S. W. 2d 878; but these cases are distinguishable by the very fact that in each case the amount was less than a full cent.

less than the correct tax, so the citizen is justified in saying that the "power to sell" has been destroyed when the sovereign sells the property for 1¢ more than the correct tax. Mechanical devices are fine; but the sovereign cannot use them to overcharge a citizen in his taxes.

It follows, therefore, that the Chancery Court was correct in cancelling the tax sale when the property owners tendered the correct amount of tax, penalty, interest and costs. The judgment is affirmed.